140 N.J. Super. 242 (1976)
356 A.2d 31
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
MARY ANN TAYLOR, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 13, 1976.
Decided January 23, 1976.
*243 Before Judges HALPERN, CRANE and MICHELS.
Mr. Stanley C. Van Ness, Public Defender of New Jersey, attorney for appellant (Mr. Thomas A. Pavics, Assistant Deputy Public Defender, of counsel and on the brief).
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent (Mr. Mart Vaarsi, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by HALPERN, P.J.A.D.
Defendant was convicted at a jury trial of the unlawful possession of cocaine and of possession of the same cocaine with intent to distribute, in violation of N.J.S.A. 24:21-20(a)(1) and N.J.S.A. 24:21-19(a) (1). The trial judge merged the former conviction into the latter conviction, and sentenced defendant *244 to an indeterminate term at the Correctional Institution for Women, Clinton. She appeals from the judgment of conviction, contending the court erred in denying her motion to suppress the cocaine seized from her person when arrested by the police. We agree and reverse.
The undisputed facts are that the police arrested defendant on September 2, 1973 while she was merely standing on a street corner in Plainfield, New Jersey. Admittedly, she was neither engaged in any criminal activity nor did any probable cause exist for arresting her. They took her to police headquarters because they mistakenly believed a warrant was outstanding for her arrest. It was at the headquarters that the cocaine was found on her person following a body search. Under these circumstances the good faith of the police in apprehending and searching defendant will not justify an otherwise invalid arrest and search made in violation of her Fourth and Fourteenth Amendment rights. Whiteley v. Warden of Wyoming State Pen., 401 U.S. 560, 568, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971); Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1924); State v. Macri, 39 N.J. 250, 257-258 (1963).
In view of our holding, we need not consider or pass upon the other issues raised pertaining to these convictions.
We turn to an issue which is unconnected with the convictions disposed of herein. Sumultaneously with defendant's sentencing she pled guilty to violation of probation and was sentenced to the Correctional Institution for Women, Clinton, for an indeterminate term. She now requests, in effect, that she be permitted to withdraw her guilty plea and that she be given a hearing on that charge.
There is no merit to this contention. Defendant has appealed only from the convictions for unlawful possession and distribution of cocaine  therefore, this issue is not properly before us. R. 2:5-1. However, even on the merits, no legal basis exists for the relief sought. The record is clear that defendant knowingly and voluntarily pled *245 guilty to the violation of probation, hence she may not raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the plea. Tollett v. Henderson, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); State v. Humphreys, 89 N.J. Super. 322 (App. Div. 1965). The exclusionary rule, under the Fourth Amendment, is not applicable to a guilty plea for violation of probation which relates to conduct violative of the terms of probation, and not to police insolence and convictions resulting therefrom. This is especially true when the police in obtaining the evidence acted in good faith. See U.S. ex rel. Lombardino v. Heyd, 318 F. Supp. 648 (E.D. La. 1970), aff'd 438 F.2d 1027 (5 Cir.1971), cert. den. 404 U.S. 880, 92 S.Ct. 195, 30 L.Ed.2d 160 (1971). The sentence imposed was warranted, and no showing has been made of abuse of judicial discretion.
The conviction for unlawfully possessing and distributing cocaine and the sentence imposed thereon are reversed; the guilty plea to the violation of probation and the sentence imposed thereon are affirmed.