550 P.2d 101
**STATE of Arizona, Appellee,**

v.

**Billy Gene ELLISON, Appellant.**

**No. I CA–CR 1439.**

Court of Appeals of Arizona,
Division 1,
Department A.

May 27, 1976.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., Robert S. Golden, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Michael G. Sullivan, Deputy Public Defender, Phoenix, for appellant.

## OPINION

FROEB, Judge.

Appellant Billy G. Ellison brings this appeal from an order of the trial court revoking probation and sentencing him to not less than two nor more than five years in the Arizona State Prison.

Previously a jury had found appellant guilty of aggravated battery. Imposition of sentence was suspended and he was placed on probation for two years beginning December 11, 1974.

While on probation appellant was charged in the police court of Gila Bend with disturbing the peace, a misdemeanor. On March 26, 1975, he entered a plea of guilty to the charge and was sentenced to, and served, 45 days in the county jail. He was not represented by counsel in these proceedings, nor does the record from Gila Bend Police Court indicate whether appellant waived his right to be represented by an attorney.

On June 16, 1975, a petition to revoke probation in this case was filed in the superior court, alleging that appellant had violated the terms of his probation due to his conviction and sentence for disturbing

the peace in Gila Bend. Appellant, now represented by the public defender, responded with a motion to dismiss the petition on the ground that the conviction of disturbing the peace in Gila Bend was invalid. He argued that, in the absence of a showing that appellant had knowingly and intelligently waived the right to counsel in those proceedings, the conviction could not be relied upon by the court as a basis for revocation of probation.

The trial court denied the motion and held a hearing to determine if the terms of probation had been violated. The only evidence presented was the official record of the Gila Bend Police Court consisting of a one-page summary of the proceedings leading to conviction and sentence of appellant for disturbing the peace.[1] At the conclusion of the hearing, the trial court found that appellant had violated the condition of probation which required him to conduct himself as a law-abiding citizen. Thereafter, the court determined that his probation should be revoked.

Appellant bases his appeal upon the decision of the United States Supreme Court in *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). In that case the Supreme Court held that "absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." 407 U.S. at 37, 92 S.Ct. at 2012. Appellant argues that because the record does not show a waiver of counsel in the Gila Bend case and because the conviction resulted in his incarceration, it cannot lawfully be the basis

for the revocation of probation and sentence in this case. We agree that *Argersinger* compels this conclusion.

The record in the Gila Bend case is silent as to a knowing and intelligent waiver of counsel and thus it cannot be presumed that such a waiver occurred. *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed. 319 (1967); *State v. Renaud,* 108 Ariz. 417, 499 P.2d 712 (1972). Contrary to the argument of the State, the mere recital in the record of the Gila Bend proceeding that appellant was "informed of his legal rights" is insufficient to establish a waiver of counsel.

The rule of *Argersinger* barring incarceration where a defendant is not represented by counsel logically applies to a case, such as this, where the revocation of probation and imposition of sentence is based solely upon the record of conviction in another case in which the defendant was without counsel. *Cottle v. Wainwright,* 477 F.2d 269 (5th Cir. 1973); *State v. Harris,* 312 So.2d 643 (La.1975); *People v. Brooks,* 16 Mich.App. 759, 168 N.W.2d 658 (1969).

The principle here has also been applied with respect to the use of such a conviction to enhance punishment under recidivist or repeat offender statutes. *Burgett,* supra; *Renaud,* supra. As stated by the United States Supreme Court in *Burgett:*

> To permit a conviction obtained in violation of *Gideon v. Wainwright* to be used against a person either to support guilt or enhance punishment for another offense . . . is to erode the principle of that case. Worse yet, since the

---

1. The full record of the Gila Bend proceeding is as follows:

Complaint this day made and filed by Officer Andy J. Winsor, charging the defendant with having on or about the 26th day of March, 1975, committed a misdemeanor, to-wit: Disturbing the Peace, in violation of Section 6–306, GB Town Ordinance.

Defendant in Court and informed of charge against him.

Defendant informed of his legal rights.

Defendant enters plea of guilty.

Defendant waives time for passing of sentence.

Court issues the following order:

The defendant having entered plea of guilty of having on or about the 26th day of March 1975 committed a misdemeanor, to-wit: Disturbing the Peace, IT IS THEREFORE ORDERED ADJUDGED AND DECREED that the defendant is guilty as charged and that he be sentenced to serve 45 days in the county jail.

Defendant committed.

defect in the prior conviction was denial of the right to counsel, the accused in effect suffers anew from the deprivation of that Sixth Amendment right. [389 U.S. at 119; 88 S.Ct. at 262]

Where it is impermissible to use such a conviction to enhance punishment in a later case, so too must it fail as the basis for revocation of probation where the result is incarceration.

As a further argument, the State raises a theory of estoppel to support the revocation and sentence. It states that the appellant relied upon the conviction and sentence in the Gila Bend case to defeat felony charges against him in another superior court case, and he should not therefore be able to take the position in this case that it was invalid. The background to this contention involves a charge of assault with a deadly weapon, a felony, which was filed in superior court against appellant following the misdemeanor proceedings in the Gila Bend Police Court. The felony charge arose out of the same incident for which appellant was convicted and sentenced in the Gila Bend case. Appellant moved for and was granted dismissal of the felony charge on the authority of A. R.S. § 13–1641 which prohibits double punishment and provides that a sentence given for an act will bar further prosecution under a different law for the same act.[2] As a result of this, the State argues that appellant should be estopped to assert the infirmities of the Gila Bend conviction when he, in effect, relied upon that conviction in order to obtain dismissal of the felony charge. We find the argument to be without merit, however. First, the State suggests no precedent for the application of an estoppel theory to bar the assertion of constitutional rights in a criminal case, although the concept of judicial estoppel is not unknown to the civil law.

See, for example, *Sailes v. Jones,* 17 Ariz. App. 593, 499 P.2d 721 (1972). While we have doubts about the propriety of such a theory in a criminal case, we need not reach a ruling on it here since, on the facts before us, appellant has not relied upon the *validity* of the Gila Bend conviction. As he correctly points out, he was convicted and punished for disturbing the peace in Gila Bend Police Court. Regardless of whether the proceedings were valid, appellant served a sentence of incarceration. This fact alone brings A.R.S. § 13–1641 into play to bar felony prosecutions for the same criminal conduct. By asserting the conviction and sentence, it cannot be said that appellant lost his right in the revocation proceedings to assert that the Gila Bend conviction violated the *Argersinger* rule. The entire sequence here does nothing to alter the thrust of *Argersinger* which is that incarceration shall not follow a conviction in which the defendant, absent a waiver, was not represented by counsel.

For the foregoing reasons it is necessary that the case be remanded to superior court for further proceedings. Upon remand, the court shall conduct a hearing within 30 days from the date the mandate is issued to determine whether appellant made a knowing and intelligent waiver of counsel in the Gila Bend proceedings and forward its findings, together with a transcript of the hearing, to this court. If the superior court determines that there was no waiver of counsel, it shall vacate its order revoking probation and imposing sentence. The transcript of the hearing under such circumstances need not be forwarded. If the sentence is vacated, the superior court may proceed anew, upon petition of the State, with further revocation proceedings to determine by a preponderance of the evidence if the facts underlying the Gila Bend conviction and sentence,

---

2. Although not material to this case, a petition to revoke probation was filed by the State on the basis of the charge of assault with a deadly weapon against appellant. The petition was dismissed following the dismissal of the assault charge.

or any other facts, warrant revocation of probation.

Remanded for further proceedings.

DONOFRIO, P. J., and OGG, J., concurring.