552 P.2d 1217

**STATE of Arizona, Appellee,**

v.

**Gabriel FLORES, Appellant.**

**No. I CA–CR 1637.**

Court of Appeals of Arizona, Division 1, Department B.

July 29, 1976.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer III, Chief Counsel, Crim. Div., Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Stephen J. Rouff, Jr., Yuma, for appellant.

## OPINION

WREN, Judge.

This is an appeal from a revocation of probation proceeding. On June 13, 1975, the appellant pled guilty to the charge of aggravated battery, in violation of A.R.S. § 13–245. On July 11, 1975, he was placed on 11 months probation. On October 10, 1975, a petition to revoke probation was filed. Appellant's probation was revoked on November 10, 1975 and appellant was given six months in the county jail to date from November 10, 1975.

In the order revoking probation, the trial judge specifically found that appellant had violated condition number one of the terms of his probation, by reason of his conviction on October 3, 1975, in the Justice Court of the County of Cochise of a misdemeanor battery.

On appeal, the appellant argues that the conviction, based on a guilty plea, in the Justice Court was unconstitutional and void because the record did not show a valid waiver of counsel. He concludes that the trial court could not rely upon a conviction with an invalid waiver of counsel to support revocation of probation. In any event, he asserts, there was no evidence introduced at the revocation hearing to identify him as the person convicted of the crime in Cochise County.

## WAIVER OF COUNSEL

In the recent case of *State v. Ellison*, 26 Ariz.App. 547, 550 P.2d 101 (1976), a petition to revoke a defendant's probation was filed, alleging that he had violated the terms of his probation due to a conviction for disturbing the peace in Gila Bend. The only evidence presented at the revocation hearing to support the petition was the official record of the Gila Bend police court, consisting of a one page summary of the proceedings leading to the conviction and sentence of appellant for disturbing the peace.

The defendant in *Ellison* argued that because the record did not show a waiver of counsel in the Gila Bend case, it could not lawfully be the basis for the revocation of probation and sentence in the case before the Superior Court. This Court found that the mere recital in the record of the Gila Bend proceeding that appellant was "informed of his legal rights" was insufficient to establish a waiver of counsel. *Ellison* concluded that revocation of probation and imposition of sentence could not be based solely on the record of conviction in another court when the record did not sufficiently establish a waiver of counsel.

▪ In the instant case, a waiver of counsel and guilty plea, allegedly signed at the Justice Court proceeding by the appellant, were admitted into evidence at the revocation hearing. Appellant argues that the signed waiver of counsel form was insufficient to show a valid waiver of counsel. Unlike the record in *State v. Ellison*,

which merely recited that the defendant there was "informed of his legal rights," the record before us indicated that appellant signed a "Waiver of Counsel" form that set out a lengthy and explicit explanation of his right to counsel. We can only conclude that the waiver was valid.

### IDENTITY

Finally, the appellant argues that there was insufficient evidence introduced at the revocation hearing to identify the appellant as the person convicted in the Justice Court proceeding. Appellant's counsel objected to the introduction of the waiver of counsel and guilty plea forms on the basis that there was no foundation laid that the appellant was indeed the person who had signed the waiver forms. The court in overruling counsel's objection held that the court could receive any reliable evidence, including hearsay. The court stated that the objection was more properly addressed to the weight of the evidence and not its admissibility. The Court also compared the signatures on the waiver of counsel and guilty plea forms to appellant's signature on forms previously signed in the underlying action for which appellant's probation was revoked.

Appellant relies on *State v. Pennye*, 102 Ariz. 207, 427 P.2d 525 (1967) in support of his argument that the mere identity of the name on an exemplified copy of a prior conviction with the defendant's name is not sufficient evidence to establish a prior conviction. Because the only evidence introduced here to show a violation of probation was a guilty plea not proved

to have been signed by him, appellant concludes that the order revoking his probation must be reversed.

*Pennye* is inapposite to the facts of this case. In order to sustain a revocation of probation, the proof adduced at the hearing must show a violation by a preponderance of the evidence. *State v. Salinas*, 23 Ariz.App. 232, 532 P.2d 174 (1975). The evidence introduced at the hearing below showed that a "Gabriel Flores" had been convicted of simple battery in a Justice Court in Cochise County on October 3, 1975. The only question was whether or not appellant had signed the documents which were relied upon to prove the allegation of probation violation.

The trial court compared the signature on the documents signed at the Justice Court with signatures on pleadings the trial judge had personally seen appellant sign. We think that the trial judge, as the trier of fact in the probation revocation proceeding, properly determined the genuineness of the disputed handwriting specimens by comparison and without benefit of expert opinion. See *U.S. v. Cashio,* 420 F.2d 1132 (5th Cir. 1969); *Desimone v. United States*, 227 F.2d 864 (9th Cir. 1955). Moreover, the defendant has made no claim that he was not the same "Gabriel Flores" who was convicted of misdemeanor battery in Cochise County.

The judgment and sentence are affirmed.

JACOBSON, P. J., and SCHROEDER, J., concurring.