THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICKOLAS LOMBARDO, Appellant. — Appeal by defendant from an amended judgment of the Supreme Court, Queens County (Rubin, J.), rendered November 16, 1982, which adjudicated him to be in violation of probation, upon his plea of guilty, and sentenced him to a term of imprisonment.

Amended judgment affirmed.

Defendant's claims regarding the sufficiency of the plea allocution are unpreserved for appellate review as a matter of law (CPL 470.05 [2]; *People v Pellegrino,* 60 NY2d 636; *People v Mattocks,* 100 AD2d 944). Moreover, reversal is not warranted in the interest of justice because the record establishes that defendant knowingly and voluntarily pleaded guilty to a violation of probation (*see, People v Harris,* 61 NY2d 9; *People v Nixon,* 21 NY2d 338, *cert denied sub nom. Robinson v New York,* 393 US 1067), and the proceedings were in substantial conformity with the requirements of CPL 410.70. We note that a plea of guilty to a violation of probation does not entail a waiver of the full panoply of constitutional rights that are waived by reason of a guilty plea to a criminal offense (CPL 410.70; *see, Gagnon v Scarpelli,* 411 US 778; *cf. Boykin v Alabama,* 395 US 238). For example, a probationer charged with having violated a condition of his sentence is entitled only to a summary hearing, without a jury, and his guilt need be established only by a preponderance of the evidence (CPL 410.70 [3]). It follows that the validity of a guilty plea to a violation of probation will not be impaired merely because the court failed to secure a waiver of each of those rights implicated by a plea of guilty to a criminal charge.

Defendant's remaining contentions need not long detain us. His claim that he was deprived of the effective assistance of counsel is not supported by the record, and such claim would be more properly raised, if at all, in a motion to vacate the judgment (*see, People v Marchand,* 104 AD2d 624). Finally, we perceive no basis for concluding that the sentence, which was the product of a negotiated plea, requires modification in the interest of justice (*People v Kazepis,* 101 AD2d 816; *People v Suitte,* 90 AD2d 80), particularly in view of the fact that this was defendant's second violation of the conditions of his sentence. Mollen, P. J., Titone, Thompson and Bracken, JJ., concur.