Argued and submitted March 31, restitution reduced, otherwise affirmed May 18, 1988

STATE OF OREGON,
*Respondent,*

*v.*

JIMMY LEROY OLSON,
*Appellant.*

(87-08-4087-C; CA A45969)

754 P2d 626

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for appellant.

Christine Chute, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Graber, Judges.

GRABER, J.

## GRABER, J.

Defendant appeals his conviction for theft. ORS 164.055. He assigns as error the denial of his motions to acquit and to dismiss and challenges the amount of restitution awarded. We modify the restitution award but otherwise affirm.

Defendant agreed to sell two trucks to Rodriguez for $1,000. They made the agreement in Idaho, where the trucks allegedly were located.[1] Defendant promised to deliver the trucks to Rodriguez in Oregon. While purportedly *en route* to Oregon with the trucks, but while still in Idaho, defendant called Rodriguez, who was in Oregon. Defendant told Rodriguez that he needed $360 to make repairs on one of the trucks so that he could complete their delivery. Defendant told Rodriguez to use a "dial-a-check" service at a truck stop in Oregon to send the money to a truck stop in Idaho. "Dial-a-check" is a commerical service that wires funds between truck stops. Rodriguez sent the money, but defendant never delivered the trucks.

■ Defendant contends the trial court should have dismissed the case for lack of jurisdiction, because no element of the crime occurred in Oregon. *See* ORS 131.215(1). The state argues that defendant obtained Rodriguez' money in Oregon. That is an element of theft. ORS 164.015(1).

We agree with the state. Defendant obtained the money when, at defendant's direction, Rodriguez deposited it with "dial-a-check" at the truck stop in Oregon. At that point, defendant had a right to receive the money; "dial-a-check" was his agent for obtaining it. *See U.S. Pipe v. Northwestern Agencies*, 284 Or 167, 171, 585 P2d 691 (1978); *Williams v. Burdick*, 63 Or 41, 47, 125 P 844, 126 P 603 (1912).

■ Defendant also argues that his motion for acquittal should have been granted, because there was no evidence that he obtained the money. That argument lacks merit. In a letter to the district attorney, which was introduced as evidence at

---

[1] We say "allegedly," because the trucks were never delivered, even though Rodriguez advanced $900 of the purchase price. The $900 transaction, according to the parties' briefs and arguments below, took place entirely in Idaho. That transaction is not at issue here.

trial, defendant admitted receiving the money. If defendant's argument is that there is no evidence he obtained the money *in Oregon,* the argument fails for the reasons set forth above.

■     In his final assignment of error, defendant asserts that only $360, rather than $1,260, should have been awarded as restitution. The state concedes the point, and we agree. Because defendant was convicted of the theft of $360, $360 is the proper amount of restitution. ORS 137.103(3); ORS 137.106(1).

Restitution reduced to $360; otherwise affirmed.