233 N.J. Super. 537 (1989)
559 A.2d 473
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
FREDERICK STREATER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted May 3, 1989.
Decided June 12, 1989.
*539 Before Judges KING and SKILLMAN.
Alfred A. Slocum, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, of counsel and on the brief).
Samuel Asbell, Camden County Prosecutor, attorney for respondent (Jack L. Weinberg, Assistant Prosecutor, of counsel and on the brief).
The opinion of the court was delivered by SKILLMAN, J.A.D.
Defendant was indicted for conspiracy to commit theft by deception and/or uttering forged instruments, in violation of N.J.S.A. 2C:5-2; bringing stolen property into New Jersey, in violation of N.J.S.A. 2C:20-7; three counts of theft by deception, in violation of N.J.S.A. 2C:20-4, and three counts of uttering a forged instrument, in violation of N.J.S.A. 2C:21-1(a)(3). Before trial, the State dismissed one count of theft by deception and one count of uttering a forged instrument. A jury found defendant guilty of conspiracy, bringing stolen property into New Jersey, one count of theft by deception and one count of uttering a forged instrument. The jury also acquitted defendant of the remaining counts of theft by deception and uttering a forged instrument.
The court granted the State's motion to sentence defendant to an extended term as a persistent offender and sentenced him to a ten year term, with five years of parole ineligibility, on the conspiracy conviction. The court also imposed a consecutive five year sentence, with two and a half years of parole ineligibility, *540 on the conviction for bringing stolen property into New Jersey and concurrent five year terms on the convictions for theft by deception and uttering a forged instrument. All of the sentences were made consecutive to another sentence defendant was already serving.
On appeal, defendant makes the following arguments:
POINT I: THE CONVICTIONS FOR THEFT BY DECEPTION (COUNT 25) AND FOR UTTERING A FORGED INSTRUMENT (COUNT 26) MUST BE REVERSED BECAUSE THE OFFENSES WERE NOT COMMITTED IN NEW JERSEY, THEREBY PRECLUDING NEW JERSEY COURT JURISDICTION. (Not Raised Below).
POINT II: THE THEFT BY DECEPTION (COUNT 25) AND UTTERING A FORGED INSTRUMENT (COUNT 26) CONVICTIONS MERGE WITH ONE ANOTHER. (Not Raised Below).
POINT III: THE SENTENCING COURT ERRED BY IMPOSING CONSECUTIVE TERMS AND PAROLE INELIGIBILITY TERMS AS TO THE CONSPIRACY TO COMMIT THEFT BY DECEPTION AND/OR UTTERING FORGED INSTRUMENTS (COUNT 1) AND THE BRINGING OF STOLEN PROPERTY INTO NEW JERSEY (COUNT 24) CONVICTIONS. (Partially Raised Below).
We reject defendant's argument that the New Jersey courts lacked jurisdiction to convict him of the crimes of theft by deception and uttering a forged instrument. However, we conclude that defendant's conviction for uttering a forged instrument should have been merged with his conviction for theft by deception and that the trial court erred in imposing a consecutive sentence for bringing stolen property into New Jersey in addition to a maximum extended term for conspiracy. Accordingly, we remand for resentencing.

I
Defendant's convictions for theft by deception and uttering a forged instrument are based on a fraudulent scheme initiated in New Jersey and consummated in Connecticut. The victim, Paul Rebeschi, Jr., advertised a used race car for sale in a magazine called "The National Dragster." In response, he received a telephone call from a person identified as William Gaines (actually defendant or one of his confederates), who agreed to *541 purchase the car for $22,500. In order to transport the race car, defendant borrowed a trailer from a friend in New Jersey and had an accomplice, using a false identity, rent a U-Haul truck in New Jersey. Defendant then drove with codefendants Jack Dussell and Stephanie Massaro to Connecticut. Posing as William Gaines, Dussell met with Rebeschi and gave him a forged cashier's check, ostensibly issued by a New Jersey bank, in exchange for the race car. Defendant, Dussell and Massaro then brought the race car back to New Jersey.
Defendant argues that the alleged theft by deception and uttering a forged instrument were committed in Connecticut and that the New Jersey courts therefore lacked jurisdiction to try him for those offenses. Defendant relies upon cases decided before enactment of the Code of Criminal Justice which state that "an essential element necessary to the invocation of jurisdiction in criminal cases is that the crime be committed in the state in which the case is tried." State v. McDowney, 49 N.J. 471, 474 (1967); accord State v. Stow, 83 N.J.L. 14 (Sup. Ct. 1912); State v. Segal, 78 N.J. Super. 273 (App. Div. 1963), certif. den. 40 N.J. 224 (1963).
Defendant did not object before trial to the justification of the New Jersey courts to try him on the charges of theft by deception and uttering a forged instrument. Nevertheless, we are satisfied that the territorial jurisdiction of this State's courts to convict a person of an alleged criminal offense cannot be waived and may be raised at any time. See R. 3:10-4 ("The court shall notice the defense of lack of jurisdiction in the court at any time during the pendency of the proceeding except during trial.").
N.J.S.A. 2C:1-3(a) provides in pertinent part that:
a. Except as otherwise provided in this section, a person may be convicted under the law of this State of an offense committed by his own conduct or the conduct of another for which he is legally accountable if:
* * * * * * * *

*542 (4) Conduct occurring within the State establishes complicity in the commission of, or an attempt, or conspiracy to commit, an offense in another jurisdiction which also is an offense under the law of this State;
The Commentary contained in the Final Report of the New Jersey Criminal Law Revision Commission describes the intent of this subsection as follows:
[N.J.S.A. 2C:1-3(a)(4)] deals with the situation where conduct within the state establishes complicity in the commission of, or attempt or conspiracy to commit an offense in another jurisdiction.... The place of occurrence under the Code is thought to be immaterial. [Commentary, New Jersey Penal Code (1971), Vol. II at 7.]
The Commentary to section 1.03 of the Model Penal Code, from which N.J.S.A. 2C:1-3(a)(4) was derived, contains a more detailed description of the intent of this subsection, which states:
Insofar as Subsection (1)(d) permits prosecution for the inchoate offense (i.e., for attempt, solicitation or conspiracy), it has general support in the American decisions and accords with the strictest territorial theories, since the defendant's conduct takes place wholly in the state.
* * * * * * * *
There remains the question whether if the crime is completed in the other jurisdiction, a state in which there was an antecedent solicitation or conspiracy should be competent to prosecute for the completed crime, rather than be limited to the inchoate offense.... Viewing the issue freshly as a matter of legislative policy, conduct within the state sufficing to establish the actor's complicity in the completed crime should serve as well to justify prosecution for the completed crime as conduct that would amount to attempt. The Code's treatment of complicity has this effect.
Moreover, in providing that conspiracy within the state suffices to establish jurisdiction, it was thought that the jurisdiction so established would extend to prosecution for the consummated crime that was the object of the combination, whether it is perpetrated by the actor's own conduct or, as in the case of an accomplice, by conduct of another for which he is legally responsible. [American Law Institute, Model Penal Code and Commentaries (Official Draft and Revised Comments) comment 7 to § 1.03 at 56-58 (1985) (footnotes omitted).]
Therefore, the language of N.J.S.A. 2C:1-3(a)(4) and the penal code commentaries support the conclusion that planning and preparing in this State for the commission of a crime in another state may be sufficient to confer jurisdiction on the New Jersey courts to convict a defendant under the laws of this State. See *543 generally, LaFave & Scott, Criminal Law, § 2.9(b) at 133-135 (2d ed. 1986).
Although there are no New Jersey decisions interpreting subsection (4) of N.J.S.A. 2C:1-3(a), we have broadly interpreted other subsections of N.J.S.A. 2C:1-3 to extend the jurisdiction of the New Jersey courts to offenses committed partly outside of the State. See State v. Sanders, 230 N.J. Super. 233 (App. Div. 1989); State v. Schmidt, 213 N.J. Super. 576, 584-586 (App. Div. 1986), rev'd on other grounds, 110 N.J. 258 (1988); see also State v. Reldan, 166 N.J. Super. 562 (Law Div. 1979), aff'd o.b. 185 N.J. Super. 494, 506 (App. Div. 1982), certif. den. 91 N.J. 543 (1982). Moreover, authority from other jurisdictions supports the conclusion that a defendant may be convicted in a New Jersey court for planning and preparing in this State for the commission of a crime in another state. For example, in Commonwealth v. Kloss, 253 Pa. Super. 559, 385 A.2d 480, 483 (1978), the court held that under Pennsylvania's version of N.J.S.A. 2C:1-3a(4) a defendant could be convicted in Pennsylvania for a robbery committed in Ohio, based on the fact that he and a confederate agreed in Pennsylvania to commit the crime and that the confederate, a taxicab driver, picked up the victim in Pennsylvania. See also Sheeran v. State, 526 A.2d 886, 892-893 (Del. 1987); State v. Olson, 91 Or. App. 290, 754 P.2d 626 (1988); Gregory v. Commonwealth, 5 Va. App. 89, 360 S.E.2d 858 (1987), aff'd 237 Va. 354, 377 S.E.2d 405 (1989).
The record in this case shows that defendant engaged in substantial conduct in New Jersey evidencing his complicity in the theft by deception and uttering of a forged instrument committed in Connecticut. The solicitation of Dussell and Massaro's participation in the commission of the crime and the acquisition of the truck and trailer used in the crime both occurred in New Jersey. Moreover, defendant and his confederates defrauded the victim with a cashier's check ostensibly drawn on a New Jersey bank and the race car obtained by the *544 theft was brought back to New Jersey. In addition, the fraud upon the victim in Connecticut was part of a general conspiracy, the locus of which was New Jersey, to commit various thefts by deception through the use of forged instruments. Therefore, defendant's conduct in New Jersey provided a sufficient basis to confer jurisdiction on our courts to convict him of the theft by deception and uttering of a forged instrument consummated in Connecticut.

II
In State v. Alevras, 213 N.J. Super. 331, 339-342 (App. Div. 1986), we held that only a single crime is committed when a theft by deception is accomplished by uttering a forged instrument and that the two offenses merge. This case is indistinguishable from Alevras. We reject the State's argument that the offenses do not merge because the prohibition against uttering a forged instrument "aims to protect the integrity of the banking system and the commerce system" whereas the prohibition against theft by deception is "intended to offer more generalized protection for offenses in which deception is utilized to achieve one ill-gotten gain." This case was not presented to the jury on the thesis that the two offenses protect different interests. Compare State v. Miller, 108 N.J. 112, 118-121 (1987). Moreover, the evidence relied upon by the State to support the two convictions was identical. Merger is required under these circumstances. State v. Alevras, supra; see also State v. Williams, 213 N.J. Super. 30, 35-37 (App. Div. 1986), certif. den. 107 N.J. 104 (1987).

III
Defendant challenges the periods of parole ineligibility imposed by the trial court. Defendant also argues that it was improper for the court to impose a maximum extended term on *545 his conviction for conspiracy and also a consecutive term on his conviction for bringing stolen property into New Jersey.
We affirm the maximum extended term sentence imposed on defendant for conspiracy. Defendant's 17 prior convictions for indictable offenses qualified him for sentencing as a persistent offender pursuant to N.J.S.A. 2C:44-3a and justified the conclusion that his commitment for an extended term was necessary for the protection of the public. See State v. Dunbar, 108 N.J. 80, 89-91 (1987). Moreover, the duration and magnitude of defendant's criminal record, N.J.S.A. 2C:44-1a(6), defendant's role as the leader of an extensive conspiracy, N.J.S.A. 2C:44-1a(1), the risk that defendant would commit other offenses, N.J.S.A. 2C:44-1a(3), and the need to deter defendant from continuing his criminal activities, N.J.S.A. 2C:44-1a(9), as well as the absence of any mitigating sentencing factors, provided ample grounds for the trial court's conclusion that the aggravating sentencing factors substantially outweighed the mitigating and that a maximum term and maximum period of parole ineligibility should be imposed for this offense. See State v. Dunbar, supra, 108 N.J. at 91-95.
However, we conclude that the trial court misapplied the applicable sentencing guidelines by also imposing a maximum consecutive term, with a maximum period of parole ineligibility, on the conviction for bringing stolen property into New Jersey. In State v. Yarbough, 100 N.J. 627, 644 (1985), cert. den. 475 U.S. 1014, 106 S.Ct. 1193, 89 L.Ed.2d 308 (1986), the court indicated that the criteria for determining whether to impose consecutive sentences include:
(a) the crimes and their objectives were predominantly independent of each other;
(b) the crimes involved separate acts of violence or threats of violence;
(c) the crimes were committed at different times or separate places, rather than being committed so closely in time and place as to indicate a single period of aberrant behavior;

*546 (d) any of the crimes involved multiple victims;
(e) the convictions for which the sentences are to be imposed are numerous;
The application of these sentencing criteria to this case points to the conclusion that defendant should not have received a consecutive sentence. The offense of bringing stolen property into New Jersey was one of the overt acts committed in furtherance of the conspiracy for which defendant was sentenced to a maximum extended term. Thus, the crimes for which defendant received consecutive sentences were not "predominantly independent of each other" nor were they "committed at different times or separate places." Moreover, neither crime involved any element of violence or threat of violence.
The only factor which could support imposition of a consecutive sentence under the criteria set forth in Yarbough is that there were multiple victims of defendant's fraudulent schemes. However, this circumstance was one of the primary factors which justified sentencing defendant to a maximum extended term for the conspiracy conviction. Therefore, it should not have been relied upon as the basis for also imposing a consecutive sentence for a closely related offense. In State v. Miller, supra, the Court stated:
[F]actors relied on to sentence a defendant to the maximum term for each offense should not be used again to justify imposing those sentences consecutively. Where the offenses are closely related, it would ordinarily be inappropriate to sentence a defendant to the maximum term for each offense and also require that those sentences be served consecutively, especially where the second offense did not pose an additional risk to the victim. [108 N.J. at 122.]
See also State v. Yarbough, supra, 100 N.J. at 644 ("there should be no double counting of aggravating factors"). Therefore, the imposition of consecutive sentences violated the sentencing guidelines set forth in Miller and Yarbough.
Accordingly, we remand the matter to the trial court for entry of an amended judgment which merges the conviction for uttering a forged instrument into the conviction for theft by deception and makes the sentence for bringing stolen property *547 into New Jersey concurrent with the sentence for conspiracy. In all other respects, the judgment is affirmed.