638 A.2d 864

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. EARL LESTER, SR., DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued December 1, 1993—Decided March 9, 1994.

290

Before Judges KING, HAVEY[1] and A.M. STEIN.

*Zulima V. Farber,* Public Defender, attorney for appellant (*Jane E. Haburay,* Designated Counsel, of counsel and on the brief and supplemental letter brief).

*Fred DeVesa,* Acting Attorney General, attorney for respondent (*Nancy Peremes Barton,* Deputy Attorney General, of counsel and on the letter brief and supplemental letter brief).

The opinion of the court was delivered by

A.M. STEIN, J.A.D.

Defendant was found guilty of unlawful possession of marijuana, unlawful possession of marijuana with intent to distribute, unlawful possession of marijuana within 1,000 feet of school property, and maintaining a dwelling house as a narcotics nuisance, *N.J.S.A.* 24:21–21a(6).

The trial judge merged the convictions for possession and possession with intent to distribute into the school zone conviction, and upon motion of the prosecutor, imposed an extended nine-year prison term with a four-year parole ineligibility period. For the conviction of maintaining a narcotics nuisance, the trial judge sentenced defendant to a consecutive three-year sentence, for a total aggregate sentence of twelve years with a four-year parole disqualifier. We reverse in part and remand for resentencing, and affirm the judgment of conviction in all other respects.

Pursuant to a search warrant, the police entered defendant's dwelling and found fifty self-sealing plastic bags containing mari-

---

[1] Judge Havey did not participate in oral argument. However, the parties consented to his participation in the decision.

juana, a total of 92.5 grams; less than four ounces. His son, the codefendant, entered a plea before trial.

Defendant raises the following contentions in his brief on appeal:

Point I

THE OFFENSE CHARGED UNDER COUNT FOUR OF THE INDICT-MENT, A VIOLATION OF *N.J.S.A.* 24:21–21(a)(6), CANNOT BE APPLIED TO DEFENDANT OR ANYONE SIMILARLY SITUATED TO DEFEN-DANT, AND SHOULD HAVE BEEN DISMISSED.

(Not Raised Below)

Point II

THE COURT ERRED IN DENYING DEFENDANT'S MOTION TO PRE-CLUDE THE ADMISSION OF HIS PRIOR CONVICTION INTO EVI-DENCE TO IMPEACH HIS CREDIBILITY IF HE TESTIFIED.

Point III

THE PROSECUTOR'S INSTRUCTIONS TO THE JURY WITH REGARD TO THE LAW AND THE FINDINGS THEY MUST MAKE WERE IMPROPER, AND DENIED DEFENDANT A FAIR TRIAL. (Not Raised Below)

Point IV

THE SENTENCE IMPOSED MUST BE REMANDED FOR RECONSIDER-ATION.

■ Points II and III are clearly without merit. *R.* 2:11–3(e)(2). The trial judge did not abuse his discretion in ruling that defendant's 1980 drug conviction was admissible for impeachment purposes. *State v. Sands,* 76 *N.J.* 127, 144, 386 *A.*2d 378 (1978).

■ Perhaps the prosecutor incorrectly informed the jury on summation that once they found constructive possession, the case was over. Nevertheless, the trial judge gave a careful instruction, reminding the jury that it was he, not the lawyers, whose instructions of law must be followed. The comment by the prosecutor was harmless error. *R.* 2:10–2; *State v. Macon,* 57 *N.J.* 325, 336, 273 *A.*2d 1 (1971).

■ At oral argument, we inquired of the parties as to whether *N.J.S.A.* 24:21–21a(6) had been impliedly repealed by enactment of the Comprehensive Drug Reform Act of 1987, *N.J.S.A.* 2C:35–1 to –23. We agree with the Attorney General that this statute has not been repealed.

*N.J.S.A.* 24:21–21a(6) provides:

a. It shall be unlawful for any person:

. . . .

(6) Knowingly to keep or maintain any store, shop, warehouse, dwelling house, building, vehicle, boat, aircraft, or any place whatever, which is resorted to by persons using controlled dangerous substances in violation of this act for the purpose of using such substances, or which is used for the keeping or selling of the same in violation of this act.

[*L*.1970, *c.* 226, § 21.]

*N.J.S.A.* 2C:35–1.2 provides:

Whenever in any law, rule or regulation, reference is made to the "New Jersey Controlled Dangerous Substances Act," P.L.1970, c. 226 (C. 24:21–1 et seq.) or any part thereof, the same shall mean and refer to the appropriate chapter, section or provision of the "New Jersey Code of Criminal Justice" as amended and supplemented herein. Similarly, any reference to chapter 35 or 36 in the "New Jersey Code of Criminal Justice" shall be deemed to incorporate N.J.S. 24:21–1 et seq. or any other predecessor statute.

[*L*.1987, *c.* 106, § 24.]

We conclude that *N.J.S.A.* 24:21–21a(6) was saved from repeal by *N.J.S.A.* 2C:35–1.2, because no statute similar to this specific Title 24 violation was enacted in the Comprehensive Drug Reform Act of 1987. *See N.J.S.A.* 2C:35–23.

■ However, defendant's sentence for this conviction should have been concurrent with the sentence imposed for the school zone conviction.

■ Where separate crimes grow out of the same series of events or from the same factual nexus, consecutive sentences are not imposed. *State v. Streater,* 233 *N.J.Super.* 537, 545–46, 559 *A.2d* 473 (App.Div.), *certif. denied,* 117 *N.J.* 667, 569 *A.2d* 1358 (1989); *State v. King,* 215 *N.J.Super.* 504, 521–22, 522 *A.2d* 455 (App.Div.1987). The factors to be considered in imposing consecutive sentences includes: (1) the crimes are predominately independent; (2) they involve separate acts or threats of violence; (3) the crimes were committed at different times or places, rather than within a single period of aberrant behavior; (4) any of the crimes involve multiple victims and (5) there are numerous convictions. *State v. Yarbough,* 100 *N.J.* 627, 644, 498 *A.2d* 1239 (1985), *cert. denied,* 475 *U.S.* 1014, 106 *S.Ct.* 1193, 89 *L.Ed.2d* 308 (1986). Here, there were no acts of violence, no specific identifiable

victims, the crimes were committed within a single period of time at a single location, there were not numerous convictions after merger and the crimes were not predominately independent.

Finally, this sentence was imposed before the New Jersey Supreme Court's decision in *State v. Lagares*, 127 *N.J.* 20, 32–33, 601 *A.*2d 698 (1992). The matter must be remanded for reconsideration pursuant to *Lagares*, at which time the prosecutor can set forth his reasons for requesting an extended term in accordance with the new guidelines established by the Attorney General's Office.

Reversed and remanded for reconsideration of the extended term sentence imposed for the conviction on count three of the indictment, and for amendment of the judgment of conviction to provide for the sentence on count four to run concurrent with whatever sentence is imposed for the conviction on count three. In all other respects, the judgment of conviction is affirmed.