■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL RODRIGUEZ, Appellant. [679 NYS2d 338] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated December 23, 1996 (*People v Rodriguez,* 234 AD2d 571), affirming a judgment of the Supreme Court, Queens County, rendered June 2, 1993.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). Bracken, J. P., O'Brien, Thompson and Pizzuto, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NEVILLE SMITH, Appellant. [681 NYS2d 548] —Appeal by the defendant from an amended judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered May 29, 1997, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of attempted criminal possession of a controlled substance in the third degree, upon his plea of guilty.

Ordered that the amended judgment is affirmed.

The defendant knowingly and voluntarily admitted to a violation of probation (*see, People v Harris,* 61 NY2d 9; *People v Nixon,* 21 NY2d 338, *cert denied sub nom. Robinson v New York,* 393 US 1067). The court properly adjudicated the defendant to be in violation of probation based upon his admission (*see,* CPL 410.70; *People v Hunter,* 194 AD2d 628; *People v Pons,* 134 AD2d 378). Contrary to the defendant's contention, an admission to a violation of probation does not require a waiver of the full panoply of constitutional rights that are waived by reason of a guilty plea to a criminal offense (*see, People v Hunter, supra; People v Keemer,* 186 AD2d 586; *People v Lombardo,* 108 AD2d 873). Bracken, J. P., Ritter, Copertino, Santucci and Altman, JJ., concur.