808 A.2d 139

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v.
RICHARD NELLOM, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted October 8, 2002—Decided October 24, 2002.

Before Judges STERN, COLLESTER and ALLEY.

*Yvonne Smith Segars,* Public Defender, attorney for appellant (*Daniel V. Gautieri,* Assistant Deputy Public Defender, of counsel and on the brief).

*Wayne J. Forrest,* Somerset County Prosecutor, attorney for respondent (*Tara L. Johnson,* Assistant Prosecutor, of counsel and on the brief).

The opinion of the court was delivered by

STERN, P.J.A.D.

On April 20, 2001, defendant pled guilty to the violation of his three year sentence of probation which was imposed on May 19, 1995. He has never challenged the knowing, voluntary nature of his guilty plea to the violation, and he does not do so on this appeal. Rather, he argues that "because the probation department failed to file a complaint providing the defendant with notice of his violation of probation [V.O.P.] charges until after the probationary period had expired, the court erred in failing to

dismiss the complaint." Because defendant pled guilty to the complaint after his motion to dismiss the V.O.P. was denied on March 16, 2001, we invited the parties to brief whether defendant can advance his present challenge on the appeal. We now hold that defendant's guilty plea to the V.O.P. waived his right to challenge the timeliness of the complaint.

The facts are undisputed. On February 17, 1995 defendant pled guilty to receiving stolen property in exchange for the recommended imposition of a probationary sentence. On May 19, 1995, he was sentenced to probation for three years conditioned upon service of 178 days in the Somerset County Jail, and to pay certain fees and penalties in installments of $5.00 a week. It is undisputed that (1) on June 11, 1996 a bench warrant was issued for defendant's failure to appear in response to a notice concerning his failure to pay the fines and penalties, (2) a "Warrant for Violation of Probation" was issued on November 4, 1996, and (3) the former warrant was vacated on November 6, 1998, but the latter remained in force until defendant's arrest on January 11, 2001. It is also undisputed that a complaint for the violation, embodying a "statement of charges," was not prepared or filed until January 25, 2001, after defendant's arrest on the V.O.P. warrant. The complaint alleged that defendant "failed to report to the Probation Officer as directed" from April 10, 1996 to November 10, 1996, and "failed to pay court imposed financial obligations," as detailed in the complaint, resulting in an outstanding balance of $1,226.

On February 6, 2001, defendant moved "to dismiss [the] violation of probation and terminate probation" on the ground that "the notice of violation was never filed with the Court until on or about January 25, 2001" and "was thus untimely," as defendant's "probationary term ended" on May 19, 1998.[1] *See N.J.S.A.* 2C:45–2 to –3. After initially reserving decision, the trial judge, who had sentenced defendant in 1995, denied the motion and ruled that

---

[1] Defendant's supporting letter brief referred to March 19, 1998 as the date on which "Mr. Nellom's probationary term ended."

under *N.J.S.A.* 2C:45-3 "the issuance of the arrest warrant itself does constitute commencement of the revocation proceedings in this case, warranting the tolling of the original fixed period of probation until the proceedings are concluded," and that *N.J.S.A.* "2C:45-3 has been satisfied with the filing of the arrest warrant which included the notice of violation of probation that would be sufficient."

A month later, on April 20, 2001, defendant entered his guilty plea to the violation of probation complaint. At that time, there was no discussion of the prior ruling nor preservation for appeal of the issue concerning the commencement of the proceedings. Moreover, defendant acknowledged both the nature of his violation and the fact he could be sentenced "up to five years in prison" for the violation. *See N.J.S.A.* 2C:45-3b. (The offense for which he was placed on probation was a third degree crime.) On May 22, 2001, defendant was sentenced to a three year custodial sentence in State Prison. Because defendant was sentenced at the bottom of the range for a third degree crime, *see N.J.S.A.* 2C:43-6a(3), he does not contest the sentence imposed had the violation proceedings been properly commenced.

■ Over twenty-five years ago, we held that a defendant who pled guilty to a violation of probation, by virtue of a subsequent conviction, could not obtain relief from that violation when the subsequent conviction was reversed because of a Fourth Amendment violation. As Judge Halpern said:

> The record is clear that defendant knowingly and voluntarily pled guilty to the violation of probation, hence she may not raise independent claims relating to the depravation of constitutional rights that occurred prior to the entry of the plea. *Tollett v. Henderson,* 411 *U.S.* 258, 93 *S.Ct.* 1602, 36 *L.Ed.2d* 235 (1973); *State v. Humphreys,* 89 *N.J.Super.* 322, 215 *A.2d* 32 (App.Div.1965). The exclusionary rule, under the Fourth Amendment, is not applicable to a guilty plea for violation of probation which relates to conduct violative of the terms of probation, and not to police insolence and convictions resulting therefrom.
> [*State v. Taylor,* 140 *N.J.Super.* 242, 244-45, 356 *A.2d* 31 (App.Div.1976).]

Our Supreme Court subsequently held that a defendant's negotiated guilty plea, under *N.J.S.A.* 2C:35-12, to a violation .of *N.J.S.A.* 2C:35-7 did not constitute a waiver of defendant's right to chal-

lenge the subsequent imposition of the mandatory minimum sentence upon a violation of the negotiated probationary sentence. *See State v. Vasquez,* 129 *N.J.* 189, 194–95, 609 *A.*2d 29 (1992); *see also State v. Peters,* 129 *N.J.* 210, 609 *A.*2d 40 (1992). However, the Court has never permitted a defendant to raise on appeal any issue which could have been or was raised before the entry of a guilty plea on the violation of probation. Hence, a defendant who enters an intelligent, knowing, and voluntary guilty plea to a violation of probation complaint can challenge the validity of the plea itself and the sentence imposed after the guilty plea is entered, but he or she cannot challenge the validity of the commencement of the V.O.P. proceedings. *Cf. State v. Lavoy,* 259 *N.J.Super.* 594, 614 *A.*2d 1077 (App.Div.1992), applying the provisions of *Rule* 3:9–2, governing guilty pleas, to violation of probation proceedings. As Judge Skillman stated in *Lavoy,* because a defendant can be re-sentenced on the V.O.P. subject to the statutory maximum for the offense, there is "no practical difference between a plea to a criminal charge and a plea to a violation of probation." *See State v. Lavoy, supra,* 259 *N.J.Super.* at 602, 614 *A.*2d 1077. *See also, e.g., State v. Baylass,* 114 *N.J.* 169, 553 *A.*2d 326 (1989); *State v. Reyes,* 207 *N.J.Super.* 126, 504 *A.*2d 43 (App.Div.1986).

Accordingly, as in other criminal proceedings, a defendant who pleads guilty to a violation of probation waives any issue which was or could have been raised before the plea was entered, *see, e.g., State v. Robinson,* 224 *N.J.Super.* 495, 498–99, 540 *A.*2d 1313 (App.Div.1988), and this defendant waived his challenge to the timeliness of the proceedings.[2] Our holding is consistent with the law of other states which have examined the issue. *See, e.g., People v. Smith,* 255 *A.D.*2d 343, 681 *N.Y.S.2d* 548 (N.Y.App.Div.

---

[2] We will assume, without deciding, that defendant could challenge the V.O.P. on appeal, had he preserved the issue at the time of his plea, at least if the judge approved that course of action in the absence of the prosecutor's participation. *See, e.g., R.* 3:9–3(f); *State v. Brown,* 352 *N.J.Super.* 338, 350–51, 800 *A.*2d 189 (App.Div.2002).

1998); *Commonwealth v. Gibson*, 385 *Pa.Super.* 571, 561 *A.2d* 1240 (1989); *People v. Lombardo*, 108 *A.D.2d* 873, 485 *N.Y.S.2d* 370 (N.Y.App.Div.1985); *State v. Flores*, 27 *Ariz.App.* 202, 552 *P.2d* 1217 (Ct.App.1976); *People v. Petersen*, 53 *A.D.2d* 935, 385 *N.Y.S.2d* 398 (N.Y.App.Div.1976); *see also People v. Brown*, 72 *Mich.App.* 7, 248 *N.W.2d* 695 (1976) (failure to advise defendant of right to hearing on the violation charge rendered the waiver involuntary and unknowing).[3]

■ In response to our invitation to brief the issue of the impact of defendant's guilty plea on the violation of probation, defendant argues that the trial court did not have jurisdiction to accept the guilty plea because the complaint was not timely filed and that we have recognized, in defendant's words, "that there may be a constitutionally required exception with respect to the waiver of a jurisdictional claim or a claim involving a double-jeopardy contention," citing *State v. Robinson*, *supra*, 224 *N.J.Super.* at 499 n. 2, 540 *A.2d* 1313, and the cases cited therein.[4] However, the Law Division is the court with jurisdiction to proceed with the V.O.P. on the sentence it imposed. Defendant's reliance on a case, concluding that the municipal court's lack of statutory jurisdiction does not preclude Superior Court jurisdiction to dispose of the same charge, does not affect this conclusion. *See State v. Still*, 330 *N.J.Super.* 50, 54, 748 *A.2d* 1153 (App.Div. 2000); *see also N.J. Const.* art. VI, § 3, ¶¶ 1, 2; *R.* 3:1–1; *R.* 7:1; *N.J.S.A.* 2B:12–17, –18, –19; *N.J.S.A.* 2C:1–12a, 2C:45–1 to –3.

■ The issue of the timely exercise of jurisdiction or repose presents a different question, and there are cases which make

---

[3] The New York cases seem to require less than New Jersey does in terms of accepting a guilty plea to a violation of probation. However, irrespective of whether the full panoply of rights is required and the plea colloquy must comply with one on an initial conviction, if the plea is sustained the plea constitutes a waiver.

[4] The State does not oppose defendant's argument based on its review of defendant's supplementary brief "and a review of the caselaw."

clear that the statutes of limitations can be waived by a knowing, intelligent and voluntary guilty plea. It is also true, as defendant argues, that a violation of the statute of limitations is a bar to prosecution, *see State v. Stillwell,* 175 *N.J.Super.* 244, 418 *A.*2d 267 (App.Div.1980) (which did not involve a guilty plea), and that an issue of jurisdiction may also be raised at any time except during trial. *See R.* 3:10–2(e); *see also State v. Streater,* 233 *N.J.Super.* 537, 541, 559 *A.*2d 473 (App.Div.1989). But unlike *Streater,* which involved an issue of territorial jurisdiction relating to the place of the crime, this case involves an issue of limitations, not jurisdiction. It has frequently been held that a statute of limitations is not an issue of jurisdiction and can be waived by a guilty plea. *See, e.g., James v. Galetka,* 965 *P.2d* 567 (Utah Ct.App.1998); *Hubbard v. State,* 110 *Nev.* 671, 877 *P.2d* 519 (1994); *Conerly v. State,* 607 *So.2d* 1153 (Miss.1992); *Acevedo–Ramos v. United States,* 961 *F.2d* 305 (1st Cir.1992); *Longhibler v. State,* 832 *S.W.2d* 908 (Mo.1992); *State v. Cole,* 452 *N.W.2d* 620 (Iowa Ct.App.1989); *State v. Johnson,* 422 *N.W.2d* 14 (Minn.Ct.App.1988).

As the only issue raised by defendant is not cognizable on this appeal, the judgment on the violation of probation is affirmed.