■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID ROGERS, Appellant. [847 NYS2d 590]—Appeal by the defen-

dant from an amended judgment of the County Court, Orange County (DeRosa, J.), rendered July 31, 2006, revoking a sentence of probation previously imposed by the same court upon a finding that he violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of attempted criminal sale of a controlled substance in the third degree.

Ordered that the amended judgment is affirmed.

The defendant's contention regarding the sufficiency of the factual allocution of his admission to a violation of probation is unpreserved for appellate review (*see People v Carden*, 27 AD3d 573 [2006]; *People v Padilla*, 18 AD3d 578 [2005]; *People v Tavares*, 197 AD2d 552 [1993]). The rare case exception to the preservation requirement is not applicable here since the factual recitation did not clearly cast significant doubt upon the defendant's guilt or call into question the voluntariness of the admission (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Rizzo*, 38 AD3d 571 [2007]; *People v Nash*, 38 AD3d 684 [2007]).

Furthermore, the defendant's contention that the County Court improvidently exercised its discretion in resentencing him on the violation of probation without obtaining an updated presentence report is not preserved for appellate review (*see People v Gambichler*, 25 AD3d 722 [2006]; *People v Freeman*, 2 AD3d 648, 649 [2003]; *People v Segar*, 295 AD2d 628, 629 [2002]).

The defendant's remaining contentions are without merit. Santucci, J.P., Goldstein, Dillon and Angiolillo, JJ., concur.