■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT GRZYWACZEWSKI, Appellant. [875 NYS2d 906]—Appeal by the defendant from an amended judgment of the County Court, Orange County (De Rosa, J.), rendered February 19, 2008, revoking a sentence of probation previously imposed by the same court, upon a finding that he violated a condition thereof, upon his admission, and imposing a sentence of imprisonment of 1⅓ to 4 years upon his previous conviction of sodomy in the second degree.

Ordered that the amended judgment is affirmed.

The defendant did not appeal from the original judgment convicting him, upon his plea of guilty, of sodomy in the second degree. Therefore, on this appeal from the amended judgment, the defendant is foreclosed from challenging the propriety of the original judgment, including, inter alia, claims as to the validity of his plea of guilty or the effectiveness of his counsel (*see People v Trias*, 50 AD3d 828 [2008]; *People v Kimbrough*, 25 AD3d 810 [2006]; *People v Augustin*, 286 AD2d 442 [2001]; *People v Oquendo*, 286 AD2d 740 [2001]; *People v Riddick*, 269 AD2d 472 [2000]).

The defendant's contention that the County Court improvidently exercised its discretion in resentencing him on the violation of probation without obtaining an updated presentence report is not preserved for appellate review (*see People v Rogers*, 45 AD3d 786, 787 [2007]; *People v Ramirez*, 29 AD3d 1022 [2006]; *People v Gambichler*, 25 AD3d 722 [2006]) and, in any event, is without merit (*see People v Kuey*, 83 NY2d 278 [1994]; *People v Fernandez*, 7 AD3d 886 [2004]; *People v Ortega*, 1 AD3d 533 [2003]; *People v Viruet*, 288 AD2d 407 [2001]).

In addition, the defendant admitted to the violation of probation with a full understanding that he would receive the term of imprisonment actually imposed at the time of resentencing, and therefore he has "no basis now to complain that his [resentence] was excessive" (*People v Kazepis*, 101 AD2d 816, 817 [1984]; *see People v Martinez*, 286 AD2d 447 [2001]; *People v Allen*, 269 AD2d 534 [2000]). In any event, the resentence was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Skelos, J.P., Santucci, Angiolillo, Dickerson and Chambers, JJ., concur.