Appeal by the defendant from an amended judgment of the County Court, Dutchess County (Forman, J.), rendered December 8, 2011, revoking a sentence of probation previously imposed by the same court, upon a finding that he violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of course of sexual conduct against a child in the second degree.
Ordered that the amended judgment is affirmed.
The defendant’s contention regarding the sufficiency of the factual allocution of his admission to a violation of a condition of a previously imposed sentence of probation is unpreserved for appellate review (see People v Rogers, 45 AD3d 786, 787 [2007]; People v Carden, 27 AD3d 573 [2006]). The exception to the preservation requirement is not applicable here, since the factual recitation did not clearly cast significant doubt upon the defendant’s violation or call into question the voluntariness of his admission (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Nash, 38 AD3d 684 [2007]; People v Rizzo, 38 AD3d 571 [2007]). In any event, the record establishes that the defendant knowingly, intelligently, and voluntarily admitted that he violated a condition of his probation (see CPL 410.70 [3]; People v Smith, 255 AD2d 343 [1998]; People v Migneco, 196 AD2d 849 [1993]; People v Hunter, 194 AD2d 628 [1993]).
Upon finding that the defendant violated a condition of his probation, the Supreme Court was authorized to revoke probation and sentence the defendant to an authorized term of imprisonment (see CPL 410.70 [5]; People v Haas, 245 AD2d 825 [1997]). Contrary to the defendant’s contention, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
The defendant’s remaining contention is unpreserved for appellate review (see CPL 470.05 [2]) and, in any event, without merit.
Mastro, J.E, Lott, Sgroi and Cohen, JJ., concur.