People v King (2019 NY Slip Op 02117)





People v King


2019 NY Slip Op 02117


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
BETSY BARROS, JJ.


2017-06076
 (Ind. No. 15-00738)

[*1]The People of the State of New York, respondent,
v
Bianca King, appellant.


Mark Diamond, New York, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Christine DiSalvo and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an amended judgment of the County Court, Westchester County (Anne E. Minihan, J.), rendered April 18, 2017, revoking a sentence of probation previously imposed by the same court (Helen M. Blackwood, J.), upon a finding that she had violated a condition thereof, upon her admission, and resentencing her to an indeterminate term of imprisonment of two to six years upon her previous conviction of criminal possession of a weapon in the third degree.
ORDERED that the amended judgment is affirmed.
The defendant's contention regarding the sufficiency of the factual allocution of her admission to a violation of a condition of a previously imposed sentence of probation is unpreserved for appellate review (see People v Beach, 118 AD3d 905; People v Rogers, 45 AD3d 786; People v Carden, 27 AD3d 573). The exception to the preservation requirement is not applicable here because the factual recitation did not clearly cast doubt on the defendant's violation or call into question the voluntariness of her admission (see People v Lopez, 71 NY2d 662; People v Nash, 38 AD3d 684; People v Rizzo, 38 AD3d 571). In any event, the record establishes that the defendant knowingly, voluntarily, and intelligently admitted that she violated a condition of her probation (see CPL 410.70[3]; People v Smith, 255 AD2d 343; People v Migneco, 196 AD2d 849; People v Hunter, 194 AD2d 628).
Upon finding that the defendant violated a condition of her probation, the County Court was authorized to revoke probation and sentence the defendant to an authorized term of imprisonment (see CPL 410.70[5]; People v Beach, 118 AD3d 905).
Contrary to the defendant's contention, her waiver of the right to appeal was knowing, voluntary, and intelligent (see People v Ramos, 7 NY3d 737; People v Lopez, 6 NY3d 248; People v Seaberg 74 NY2d 1), and, thus, precludes review of her claim that the sentence imposed upon her violation of probation was excessive (see People v Barnes, 159 AD3d 1001; People v Guzman, 127 AD3d 1108; People v Arrington, 94 AD3d 903; People v Pook, 73 AD3d 952).
SCHEINKMAN, P.J., RIVERA, HINDS-RADIX and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court