■ The People of the State of New York, Respondent, v Edwin Charon, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (De Lury, J.), rendered February 23, 1983, convicting him of murder in the second degree and criminal possession of a weapon in the second degree (two counts), after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing (Feldman, J.), of defendant's motion to suppress statements.

Judgment affirmed.

At the inception of a hearing to suppress defendant's incriminating statements, defense counsel requested an examination of defendant, pursuant to CPL 730.30, to determine defendant's fitness to proceed. Criminal Term did not abuse its discretion when it denied the application. "The law of this State is well settled that a defendant is not entitled, as a matter of right, to have the question of his capacity to stand trial passed upon before the commencement of the trial, if the court is satisfied from the available information that there is no proper basis for questioning the defendant's sanity" *(People*

*v Armlin,* 37 NY2d 167, 171). In order to ascertain if there was a reasonable ground for believing that defendant was an incapacitated person, Criminal Term elicited pertinent information on this issue by questioning defense counsel, defendant, and members of defendant's family. The latter observed that defendant's demeanor had not recently changed. Although defendant appeared to be uncommunicative and lethargic, his responses to the court's questions indicate that he understood the charges and the proceedings. Moreover, the court's recorded observations of the defendant's demeanor during the suppression hearing support a finding that defendant was feigning disinterest. Noteworthy is the defendant's failure to renew his motion for a fitness examination after the suppression hearing. Based on this record, there was no reasonable basis for questioning defendant's capacity to stand trial. Furthermore, the uncontradicted evidence presented at the suppression hearing established that defendant's incriminating statements were neither obtained in violation of his rights pursuant to *Miranda v Arizona* (384 US 436), nor were those statements otherwise involuntary, given the totality of the circumstances *(People v Anderson,* 42 NY2d 35). Accordingly, the denial of the motion to suppress the statements should be upheld *(People v Armstead,* 98 AD2d 726).

Defendant's active participation in the brutal, seemingly unprovoked murder of a teen-age boy was proven beyond a reasonable doubt by his voluntary confession which was properly corroborated (CPL 60.50; *People v Lipsky,* 57 NY2d 560).

Under the circumstances, defendant's sentence was neither unduly harsh nor excessive.

We have reviewed defendant's other contentions and find them to be without merit. Lazer, J. P., Thompson, Rubin and Kunzeman, JJ., concur.