OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant was convicted, after a bench trial, of burglary in the first degree (Penal Law § 140.30 [2]) and sentenced to an indeterminate term of from 5 to 15 years. Defendant’s conviction was affirmed by order of the Appellate Division.
The question presented by this appeal is whether the Trial Judge abused his discretion in refusing to grant defense counsel’s request for a mental competency examination of the defendant (CPL 730.30 [1]). Defense counsel first requested a competency examination at the close of the People’s case and he renewed his request after the defendant’s conviction but before his sentencing. The defendant argues that his attorney’s application for a competency hearing should have been granted since it was made in good faith and contained factual allegations that were sufficient to raise the possibility that defendant might be incompetent to stand trial.
Under the facts of this case, we find that the Trial Judge -did not abuse his discretion in refusing to order a competency examination. The Judge here had examined the defendant in connection with his decision to represent himself at trial. The Judge granted the defendant’s pro se request and later reappointed counsel after the defendant decided he no longer wanted to represent himself. In addition, the Judge instructed the defendant on the legal implications of his request for a bench trial and then permitted the defendant to waive his right to trial by jury. These direct encounters with the defendant, when considered in combination with the Judge’s overall ability to observe the defendant at trial, gave the Trial Judge ample opportunity to assess the defendant’s ability to assist in his own defense. We conclude, therefore, that there is no basis for upsetting the Trial Judge’s determination that a competency hearing was not warranted in this case.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.