■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALI RIZA GELIKKAYA, Appellant. [602 NYS2d 372] —Judgment, Supreme Court, New York County (Herbert I. Altman, J.), rendered May 24, 1990, convicting defendant, after a jury

trial, of attempted murder in the second degree and sentencing him to a term of from 8 to 24 years, is unanimously affirmed.

Defendant, against the advice of counsel, insisted on testifying before the grand jury, but he was nevertheless indicted for attempted murder in the second degree and assault in the second degree arising out of an altercation that occurred in the mosque which he was attending. Approximately two months after defendant made his grand jury appearance, he was found unfit to stand trial based upon a psychiatric examination performed pursuant to CPL article 730 and was committed to the Mid-Hudson Psychiatric Center. Defendant was eventually determined to be competent, and his trial finally commenced on April 26, 1990, more than two years after his initial arrest on February 18, 1988. Following a jury trial at which defendant took the stand on his own behalf, he was convicted.

On appeal, defendant challenges the use of his grand jury testimony for impeachment purposes at trial, urging that his often rambling and incoherent comments to the grand jury, coupled with the subsequent determination of incompetency and his diagnosis as a chronic paranoid schizophrenic, were sufficient to raise serious doubts about his fitness to appear before the grand jury. Thus, defendant argues that he was not competent to waive his rights, and any statements made by him to the grand jury were involuntary and inadmissible for any purpose.

An individual is considered fit until adjudicated otherwise since there is a presumption of competency *(People v Silver,* 33 NY2d 475), and there was no determination that defendant was not competent at the time that he decided to testify before the grand jury. While defendant's remarks before that body were not a model of clarity, the portions of the testimony used by the prosecutor to impeach defendant were rational responses to the questions posed to him. Indeed, it appears that defendant understood the charges against him and the nature of the grand jury proceedings. Concur—Carro, J. P., Rosenberger, Ross and Asch, JJ.