87 N.Y.2d 878 (1995)
662 N.E.2d 260
638 N.Y.S.2d 942
The People of the State of New York, Respondent,
v.
Tyrone Morgan, Appellant.
Court of Appeals of the State of New York.
Argued November 27, 1995.
Decided December 27, 1995.
Adrienne Hale, New York City, and Daniel L. Greenberg for appellant.
Richard A. Brown, District Attorney of Queens County, Kew Gardens (Emil Bricker and Steven J. Chananie of counsel), for respondent.
Chief Judge KAYE and Judges SIMONS, TITONE, BELLACOSA, LEVINE and CIPARICK concur; Judge SMITH dissents and votes to reverse in an opinion.
*879 MEMORANDUM.
The order of the Appellate Division should be affirmed.
The only issue that this Court can decide is whether the trial court abused its discretion as a matter of law in not granting defense counsel's trial request for a new or updated examination of defendant's competency to stand trial. After defendant's arrest and before his trial, he was examined four different times over several month intervals to determine his competency (CPL 730.30 [1]). In November 1990, after the fourth examination, the trial court found him fit to proceed. At the outset of the jury selection process in March 1991 and throughout the trial, defense counsel moved repeatedly for an additional competency examination. Defendant, a homeless man with a long history of psychiatric illness, was convicted after a jury trial of depraved indifference murder for stabbing another homeless man to death after a quarrel.
Ordering a competency examination under CPL 730.30 (1) lies within the sound discretion of the trial court (see, People v Russell, 74 N.Y.2d 901, 902). *880 A defendant is presumed competent (People v Gelikkaya, 84 N.Y.2d 456, 459), and the court is under no obligation to issue an order of examination (CPL 730.10 [2]) unless it has "reasonable ground * * * to believe that the defendant was an incapacitated person" (People v Armlin, 37 N.Y.2d 167, 168). Moreover, "[t]he law of this State is well settled that a defendant is not entitled, as a matter of right, to have the question of his capacity to stand trial passed upon * * * if the court is satisfied from the available information that there is no proper basis for questioning the defendant's sanity" (id., at 171 [citation omitted]).
Based on these well-settled authorities and the variety of factors assembled in the particular record of this case, this Court cannot say that the trial court abused its discretion as a matter of law in failing to order an additional examination or that the Appellate Division erred as a matter of law in affirming that decision.
The trial court was entitled to give weight to the findings and conclusions of competency derived from the most recent examination. The Judge also saw the defendant actively participating in every aspect of his case, including a continuing flow of oral and written communications with his attorney. Additionally, the Judge personally interacted with the defendant on several occasions, including plea discussions, in which the defendant evinced a particularized understanding of the nature of the proceedings and what was unfolding.
The functional effect of the analysis proposed by the dissent would virtually compel trial courts to grant a competency examination as a matter of law or risk reversal for "abuse of discretion" whenever an "experienced defense attorney" makes repeated requests for one. Such an analysis gives too much appellate weight to a single factor and fails to credit all the other factors weighed by the trial court and the Appellate Division. While a trial court may "depend to some extent on counsel to bring issues into focus" (Drope v Missouri, 420 US 162, 176-177, n 13), defense counsel's observations and representations, without more, do not and should not serve as an automatic substitute for the court's statutory discretion (id.; People v Rodriguez, 79 AD2d 576, 577, affd 56 N.Y.2d 557; see also, Griffin v Lockhart, 935 F.2d 926, 930). In any event, counsel's representations here consisted simply of personal observations and lay opinion that the defendant was an incapacitated person.
To be sure, defendant's diagnosis as a paranoid schizophrenic and his 27 previous hospitalizations for mental illness are factors *881 also properly weighed by the trial court in deciding whether to grant a competency examination. Nonetheless, a defendant's history of psychiatric illness alone does not serve to mandate relief to the defendant (see, People Gelikkaya, 84 N.Y.2d 456, supra; People v Gensler, 72 N.Y.2d 239, 245), nor do repeated conclusory protestations by defense counsel (People v Rodriguez, 79 AD2d 576, affd 56 N.Y.2d 557, supra). This is especially so here, where the court, far from ignoring defendant's history, had already ordered four previous examinations (see, Drope v Missouri, 420 US 162, 180, supra). Finally, the Trial Judge's opportunity to observe the defendant and his behavior personally is also entitled to some deference and weight (People v Russell, 74 N.Y.2d 901, 902, supra; see also, People v Charon, 113 AD2d 950, 951).
The combination of all factors  not any one factor  for and against defendant on this issue, was before the trial court and is dispositive of our review function in this case. This Court has no basis to further review or substitute its views for the lower court determinations.
SMITH, J. (dissenting).
A defendant who lacks the mental capacity to stand trial and to aid in his defense cannot be convicted without violating due process (Pate v Robinson, 383 US 375). The defendant here was convicted despite clear indications that a CPL article 730 examination into his mental competency to stand trial was required. Therefore, I dissent and would require a new trial, if, following an examination pursuant to article 730, defendant is found fit to proceed.
The trial court should have granted defendant's repeated requests for an examination for several reasons. The primary reason for reversing here is the trial court's abuse of discretion in denying the hearing. The court stated, in essence, that it had observed the defendant's demeanor, spoken with him and thus found him fit to proceed. Such reasoning was specifically rejected in Pate v Robinson (supra). There, the Supreme Court of the United States noted, "While Robinson's demeanor at trial might be relevant to the ultimate decision as to his sanity, it cannot be relied upon to dispense with a hearing on that very issue" (383 US, at 386). Moreover, the court spoke only briefly with the defendant at the beginning of the trial. That colloquy was insufficient to conclude that the defendant was competent to stand trial.
Second, defendant had a prior history of approximately 28 hospitalizations for psychiatric reasons. The psychiatric reports *882 reveal that defendant suffered from chronic paranoid schizophrenia. In fact, defendant was twice found mentally incompetent to stand trial in this case. He was found unfit to stand trial on July 2, 1990. Five months later, on November 11, 1990, he was found fit to stand trial. On May 8, 1991, six months after having been found fit to stand trial, he was again found unfit. On October 21, 1991, five months later, he was again found fit to stand trial. The trial commenced on March 12, 1992. The different conclusions within months of each other required an examination at the time of the actual trial. It was error to rely on an examination held five months before trial.
The third reason why a mental examination was required in this case was the repeated request of the defense attorney, an officer of the court who had handled numerous cases involving mental competency.[*] The attorney had moved to confirm the reports of the psychiatrist stating that the defendant was fit to proceed with the trial in October 1991. At the beginning of jury selection, however, and throughout the trial and sentence, the defendant's attorney requested an article 730 examination. The court repeatedly refused to grant it.
All of the cases cited by the majority are authority for directing a hearing under the facts of this case. In People v Gelikkaya (84 N.Y.2d 456), defendant was impeached with his Grand Jury testimony. No issue of his competency to stand trial had been made until after his Grand Jury testimony, at his arraignment on the indictment. This Court found no abuse of discretion in the use of the Grand Jury testimony to impeach the defendant. Significantly, the trial court in Gelikkaya ordered a psychiatric hearing as soon as a competency issue was raised, and the defendant was found unfit to proceed. It was not until 15 months later that he was found fit. In People v Russell (74 N.Y.2d 901), this Court found no abuse of discretion where the trial court denied a request for a competency hearing. It is significant, however, that the request was made only after the People's case had been concluded, that there was no psychiatric history and that the defendant had represented himself for some part of the proceedings, giving the court much more of an opportunity to assess his competency than that here. In People v Armlin (37 N.Y.2d 167), despite a plea of guilty, this Court remanded the case for a hearing on defendant's fitness to *883 proceed after two previous orders of the trial court for a psychiatric examination had not been complied with.
Accordingly, I would reverse and remand for a new trial, with a psychiatric examination on defendant's fitness to be held prior to any new trial.
Order affirmed in a memorandum.
NOTES
[*] While the majority asserts that the "functional effect" of the dissent's analysis would virtually compel a competency hearing whenever an experienced attorney requests one, this is simply not the case. Viewing the entire record in this case, I conclude that there was an abuse of discretion.