Smith, J.
(dissenting). A defendant who lacks the mental capacity to stand trial and to aid in his defense cannot be convicted without violating due process (Pate v Robinson, 383 US 375). The defendant here was convicted despite clear indications that a CPL article 730 examination into his mental competency to stand trial was required. Therefore, I dissent and would require a new trial, if, following an examination pursuant to article 730, defendant is found fit to proceed.
The trial court should have granted defendant’s repeated requests for an examination for several reasons. The primary reason for reversing here is the trial court’s abuse of discretion in denying the hearing. The court stated, in essence, that it had observed the defendant’s demeanor, spoken with him and thus found him fit to proceed. Such reasoning was specifically rejected in Pate v Robinson (supra). There, the Supreme Court of the United States noted, "While Robinson’s demeanor at trial might be relevant to the ultimate decision as to his sanity, it cannot be relied upon to dispense with a hearing on that very issue” (383 US, at 386). Moreover, the court spoke only briefly with the defendant at the beginning of the trial. That colloquy was insufficient to conclude that the defendant was competent to stand trial.
Second, defendant had a prior history of approximately 28 hospitalizations for psychiatric reasons. The psychiatric reports *882 reveal that defendant suffered from chronic paranoid schizophrenia. In fact, defendant was twice found mentally incompetent to stand trial in this case. He was found unfit to stand trial on July 2,1990. Five months later, on November 11, 1990, he was found fit to stand trial. On May 8, 1991, six months after having been found fit to stand trial, he was again found unfit. On October 21, 1991, five months later, he was again found fit to stand trial. The trial commenced on March 12, 1992. The different conclusions within months of each other required an examination at the time of the actual trial. It was error to rely on an examination held five months before trial.
The third reason why a mental examination was required in this case was the repeated request of the defense attorney, an officer of the court who had handled numerous cases involving mental competency.* The attorney had moved to confirm the reports of the psychiatrist stating that the defendant was fit to proceed with the trial in October 1991. At the beginning of jury selection, however, and throughout the trial and sentence, the defendant’s attorney requested an article 730 examination. The court repeatedly refused to grant it.
All of the cases cited by the majority are authority for directing a hearing under the facts of this case. In People v Gelikkaya (84 NY2d 456), defendant was impeached with his Grand Jury testimony. No issue of his competency to stand trial had been made until after his Grand Jury testimony, at his arraignment on the indictment. This Court found no abuse of discretion in the use of the Grand Jury testimony to impeach the defendant. Significantly, the trial court in Gelikkaya ordered a psychiatric hearing as soon as a competency issue was raised, and the defendant was found unfit to proceed. It was not until 15 months later that he was found fit. In People v Russell (74 NY2d 901), this Court found no abuse of discretion where the trial court denied a request for a competency hearing. It is significant, however, that the request was made only after the People’s case had been concluded, that there was no psychiatric history and that the defendant had represented himself for some part of the proceedings, giving the court much more of an opportunity to assess his competency than that here. In People v Armlin (37 NY2d 167), despite a plea of guilty, this Court remanded the case for a hearing on defendant’s fitness to *883 proceed after two previous orders of the trial court for a psychiatric examination had not been complied with.
Accordingly, I would reverse and remand for a new trial, with a psychiatric examination on defendant’s fitness to be held prior to any new trial.
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Levine and Ciparick concur; Judge Smith dissents and votes to reverse in an opinion.
Order affirmed in a memorandum.

 While the majority asserts that the "functional effect” of the dissent’s analysis would virtually compel a competency hearing whenever an experienced attorney requests one, this is simply not the case. Viewing the entire record in this case, I conclude that there was an abuse of discretion.