*365 OPINION OF THE COURT
Donald P. DeRiggi, J.
The defendant, Ugan Smith, by his attorney, Stuart Austin, Esq., has moved this court for an inspection of the Grand Jury minutes by the court and by the defendant and for an order dismissing the indictment after such inspection, as well as an order granting defendant transactional immunity due to his Grand Jury testimony, and further for an order suppressing all statements made by the defendant to law enforcement personnel. The District Attorney, by Risco Lewis, Esq., has opposed this application.
The defendant was indicted on March 7, 1996 on one count of attempted burglary in the second degree, a class D violent felony. Thereafter, on June 4, 1996, the defendant was found to be an incapacitated person by this court pursuant to CPL article 730. He was returned to the court on June 17, 1997, after having been found fit to proceed.
inspection and release of grand jury minutes
This court has inspected the Grand Jury minutes in camera and finds that it is not necessary to release the minutes or any portion thereof to the defendant’s attorney to assist the court in making its determination (CPL 210.30 [3]).
Upon inspection of the Grand Jury minutes, this court finds that the evidence before the Grand Jury was legally sufficient to support the crime charged in the indictment (CPL 210.30).
Further, the Grand Jury proceeding was not defective; proper legal advice and adequate instructions were given by the District Attorney; the composition of the Grand Jury was sufficient and in no way was the proceeding violative of the defendant’s constitutional rights (CPL 210.35 [5]; 190.25 [6]).
defendant’s waiver of immunity
The defendant elected to exercise his statutory right pursuant to CPL 190.50 and testify before the Grand Jury under a waiver of immunity. The waiver was ultimately executed albeit after an extended question and answer session and several intervening conferences with his counsel. While it certainly appears from the transcript that the defendant was having some difficulty during the waiver procedure, should that lack of understanding now require that he be granted transactional immunity on the basis of a waiver that may not have been executed in a knowing and intelligent manner?
*366 The defendant’s case was initially assigned to the Honorable Marvin Goodman. Counsel for defendant has alleged that Justice Goodman failed to order an examination of the defendant pursuant to CPL article 730 despite his request and despite the report that had been prepared by the Social Work Bureau of the Legal Aid Society. Defendant contends that Justice Goodman did not question the defendant before rejecting counsel’s request for a CPL article 730 exam. However, the District Attorney indicates that there was some questioning by the court of the defendant. It is unclear as to what transpired on the record regarding this issue before Justice Goodman as neither the movant nor the respondent has provided any transcripts of those proceedings. It is interesting to note however that the report submitted to Justice Goodman by the defendant does not in any way allege that the defendant did not know the roles of his lawyer, the prosecutor and the Judge or that he was not able to assist in his own defense.
Defendant alleges that the applications for a CPL article 730 exam took place before Justice Goodman on January 3 and 4, 1996. A review of the court file reveals that the defendant waived his case to the Grand Jury on January 19, 1996. The defendant’s case was not presented to the Grand Jury until March 5, 1996, approximately two months after defendant’s initial requests for a CPL article 730 exam, yet there is no indication that at any time after the case was scheduled for the Grand Jury that counsel sought the assistance of the Judge assigned for that term to the Grand Jury. No additional requests for a CPL article 730 exam were made and defendant testified in the Grand Jury under a waiver of immunity.
The right of a defendant to testify before the Grand Jury is a statutory one and not a right of constitutional dimension. (People v Smith, 87 NY2d 715 [1996].) The statute sets forth the only circumstances under which a defendant may exercise this option, i.e., he must serve proper notice, appear at the given time and place and execute a waiver of immunity. (CPL 190.50 [5].) The waiver of immunity is something offered by the defendant in exchange for an opportunity to testify before the Grand Jury. If a defendant does not so offer, or going one step further, it would seem that if one is not able to so offer a waiver due to some difficulty or disability, then he may not testify before the Grand Jury. In this case, the defendant, who was represented by competent and experienced counsel, chose to waive immunity and signed the document in the presence of the Grand Jury. Prior to signing that document, counsel for de *367 fendant never sought the intervention or advice of the Grand Jury Judge. Instead, despite his protestations now, he permitted his client to continue to execute the waiver. Counsel had to know beforehand that his client might have difficulty with the waiver of immunity but he still presented him in the Grand Jury. Surely counsel had discussed defendant’s rights and options with him prior to this date and there was sufficient understanding by defendant so that he insisted on exercising his right to so testify. By permitting his client to go forward, counsel implicitly acknowledged defendant’s competence.
The fact that the earlier requested CPL article 730 exam was not ordered by the court is not dispositive of the issues raised in this motion. That request was made some 60 days before the defendant testified and is accordingly not relevant on the issue of defendant’s competency before the Grand Jury. However, it can be deduced that the court’s action in not ordering an exam was based upon its conclusion that the defendant did not meet the prerequisites of CPL 730.30 (1). In other words, Justice Goodman who had the opportunity to observe the defendant was not of the opinion that he was an incapacitated person.
In the first instance the District Attorney determines the competency of witnesses to testify before the Grand Jury and he, in effect, determines what witnesses to present to that body and who should be excluded. (Matter of Benjamin S., 83 AD2d 630 [2d Dept 1981].) However, the District Attorney cannot prevent a defendant from testifying if the defendant appears at the time and place given and executes a waiver of immunity.
The Grand Jury is the sole judge of the competency and credibility of the witnesses produced before it. If it has some doubts as to the competency of any witness, it has the power to examine the witness on the question of his competency, to subpoena and examine other witnesses upon the same issue and to seek the advice of the court and the District Attorney. When the Grand Jury has returned an indictment it has resolved competency and credibility questions in favor of any witness upon whose testimony they have relied. (People v Gelia, 19 Misc 2d 1056 [Erie County Ct 1959].)
In the case at bar, the grand jurors had the opportunity to observe the defendant, his demeanor and his machinations and to evaluate his competency. This court did not have such opportunity contemporaneously with defendant’s testimony. The grand jurors neither sought the further advice of the District Attorney or the court on that issue nor rejected defendant’s *368 waiver. Accordingly, they must have determined that defendant was competent.
The defendant’s reliance on People v Gorgone (47 AD2d 347 [1st Dept 1975]) in support of his position that defendant’s waiver was not valid is misplaced. In Gorgone, the defendant was ultimately indicted for criminal contempt resulting from his refusal to answer questions before the Grand Jury. He had been a witness subpoenaed by the District Attorney to testify—he had been compelled to testify. This important factor is not present in Mr. Smith’s case. The defendant Smith was not compelled pursuant to lawfully served process to appear and testify before the Grand Jury. He voluntarily appeared and expressed his wish to tell the grand jurors his story.
The District Attorney cannot prevent a defendant from testifying if he has executed a waiver of immunity. Counsel for defendant, if truly believing that his client was an incapacitated person and his testimony would serve no purpose, should have not presented him at the Grand Jury. By so presenting him, he has affirmed, by his conduct, that the waiver of immunity was valid. It was counsel’s obligation to see that his client understood the terms of the waiver. It is important to note that no record was made by counsel outside the presence of the Grand Jury.
In the case of Kohler v Kelly (890 F Supp 207 [WD NY 1994], affd 58 F3d 58, cert denied 516 US 995), the court held that the fact that defense counsel did not even discuss with his client his option to testify before the Grand Jury was not ineffective assistance of counsel. While stating that it may not be the preferred manner of proceeding, there were proper and valid tactical reasons for so proceeding and it was highly unlikely that the defendant would not have been indicted if he had testified. The court held that it was not unreasonable for counsel to decide that testifying before the Grand Jury was not in the defendant’s best interests. (See also, People v Turner, 187 AD2d 469 [2d Dept 1992].)
Accordingly, in a case such as this, if counsel believes that his client is an incapacitated person and has not been able to comprehend the waiver or to discuss his proposed testimony in a coherent manner, counsel should not have presented his client to the Grand Jury and should have made a record regarding same either before the Judge assigned to the Grand Jury or, at least, on the record outside the presence of the Grand Jury.
Further, as indicated in People v Gelikkaya (84 NY2d 456 [1994]), there exists a presumption of sanity and a defendant *369 is presumed to have been competent at the time of the Grand Jury proceeding at which he testified. In Gelikkaya, as in the case at bar, the defendant was represented by competent counsel at all times, he was encouraged to consult with counsel during the Grand Jury proceeding and did, in fact, do so several times during the course of his appearance. Mental illness subsequent to indictment is not evidence of incompetency at the time of the Grand Jury proceeding. (People v Gelikkaya, supra.)
Accordingly, based on the foregoing, the defendant’s motion to dismiss the indictment and/or grant transactional immunity to the defendant is denied.