■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARYL GRAHAM, Appellant. [708 NYS2d 336] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered May 29, 1996, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court should have *sua sponte* ordered a competency hearing is without merit (*see,* CPL 730.30 [1]; *People v Tortorici,* 92 NY2d 757, *cert denied* 528 US 834). The determination as to whether to order a competency hearing is left to the sound discretion of the trial court. If there are reasonable grounds for believing that the defendant is incapable of preparing a defense or of understanding the proceedings or the charges against him, then a hearing must be ordered (*see, People v Simmons,* 182 AD2d 1018, 1019; *People v Armlin,* 37 NY2d 167, 171). Otherwise, a "presumption of sanity" prevails (*People v Gelikkaya,* 84 NY2d 456, 459) which cannot be rebutted by a mere showing that the defendant has a history of mental illness (*see, People v Gelikkaya,*

*supra; People v Gensler,* 72 NY2d 239, 244, *cert denied* 488 US 932; *People·v Dover,* 227 AD2d 804, 805).

Here, the defendant did not exhibit any delusional thinking during the trial. Rather, the defendant gave testimony in a rational manner, and understood the role of his attorney and the other participants at trial. Moreover, he was found by two psychiatrists to be fit to stand trial.

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are without merit. O'Brien, J. P., Santucci, Thompson and Feuerstein, JJ., concur.