■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENITH AGARO, Also Known as KENITH A'GARD, Appellant. [756 NYS2d 444] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Perone, J.), rendered March 15, 2001, convicting him of aggravated harassment of an employee by an inmate, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At the time of the incident, the defendant was an inmate in the Sing Sing Correctional Facility. In apparent retribution for a prior altercation with correction officers, he threw a cup of urine and feces, striking two other correction officers. For this act, the defendant was convicted of aggravated harassment of an employee by an inmate, pursuant to Penal Law § 240.32.

Contrary to the defendant's contention, his proposed testimony as to prior altercations or his prior psychiatric condition, to support a justification defense, was properly precluded as irrelevant (see People v Bedi, 299 AD2d 556 [2002]; People v Middleton, 288 AD2d 327 [2001]). Even assuming that the defendant had been mistreated previously, he would not have been justified in his conduct, and thus his testimony about prior events would have been of no probative value. Thus, he was not impermissibly denied his right to testify in his own defense.

Furthermore, there is no support in the record for the defendant's contention that the court, sua sponte, should have ordered a competency exam pursuant to CPL 730.30 (see People v Tortorici, 92 NY2d 757 [1999], cert denied 528 US 834 [1999]).

The defendant's remaining contentions are meritless. Ritter, J.P., Florio, S. Miller and H. Miller, JJ., concur.