■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS PADILLA, Appellant. [794 NYS2d 666]—Appeal by the defendant from an amended judgment of the County Court, Orange County (DeRosa, J.), rendered June 13, 2003, revoking a sentence of probation previously imposed by the same court, upon a finding that he violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of attempted criminal sale of a controlled substance in the third degree.

Ordered that the amended judgment is affirmed.

The defendant's claim regarding the voluntariness of his admission to a violation of probation is unpreserved for appellate review (*see People v Pellegrino*, 60 NY2d 636 [1983]; *People v Melvin*, 274 AD2d 435 [2000]; *People v Shelby*, 267 AD2d 482 [1999]; *People v Tavares*, 197 AD2d 552 [1993]). In any event, the record established that he knowingly and voluntarily admitted to the violation of probation (*see People v Melvin, supra; People v Shelby, supra*).

Furthermore, the County Court providently exercised its discretion in failing to, sua sponte, order a competency hearing (*see* CPL 730.30; *People v Tortorici*, 92 NY2d 757 [1999], *cert denied* 528 US 834 [1999]; *People v Gelikkaya*, 84 NY2d 456, 459 [1994]; *People v Armlin*, 37 NY2d 167, 171 [1975]; *People v Graham*, 272 AD2d 479 [2000]).

We have considered the defendant's contention that his negotiated sentence was excessive and find it to be without merit (*see People v Broadie*, 37 NY2d 100 [1975], *cert denied* 423 US 950 [1975]; *People v Kazepis*, 101 AD2d 816 [1984]; *People v Suitte*, 90 AD2d 80 [1982]). Prudenti, P.J., Schmidt, Santucci, Luciano and Spolzino, JJ., concur.