■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEITRA B. EHERTS, Appellant. [800 NYS2d 514]—Appeal by the defendant from an amended judgment of the County Court, Orange County (DeRosa, J.), rendered July 14, 2003, revoking a sentence of probation previously imposed by the same court, upon a finding that she had violated a condition thereof, upon her admission, and imposing a sentence of imprisonment upon her previous conviction of burglary in the third degree.

Ordered that the amended judgment is affirmed.

The defendant's contention that her admission to the violation of probation was involuntary is unpreserved for appellate review (*see People v Pellegrino,* 60 NY2d 636 [1983]; *People v Padilla,* 18 AD3d 578, 579 [2005]; *People v Morales,* 17 AD3d 487 [2005]; *People v Nicholas,* 8 AD3d 300 [2004]; *People v Escobedo,* 7 AD3d 539 [2004]; *People v Alexis,* 295 AD2d 529 [2002]). Furthermore, the narrow exception to the preservation rule, as set forth in *People v Lopez* (71 NY2d 662 [1988]), is inapplicable here since there is nothing in the allocution which would cast significant doubt on the defendant's guilt, or otherwise call into question the voluntariness of her admission (*see People v Sandson,* 6 AD3d 632 [2004]). In any event, the defendant knowingly and voluntarily pleaded guilty to the violation of probation (*see People v Darby,* 304 AD2d 672 [2003]; *People v Viruet,* 288 AD2d 407 [2001]).

The County Court providently exercised its discretion in declining to, sua sponte, order a competency hearing (*see* CPL 730.30; *People v Tortorici,* 92 NY2d 757 [1999], *cert denied* 528 US 834 [1999]; *People v Gelikkaya,* 84 NY2d 456, 459 [1994]; *People v Armlin,* 37 NY2d 167, 171 [1975]; *People v Graham,* 272 AD2d 479 [2000]). Adams, J.P., Cozier, Ritter and Skelos, JJ., concur.