■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR RIOS, Appellant. [809 NYS2d 463]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Braun, J.), rendered May 22, 2003, convicting him of attempted murder in the second degree, assault in the first degree, attempted assault in the first degree, reckless endangerment in the first degree (two counts), criminal possession of a weapon in the fourth degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

There is no merit to the defendant's contention in his supplemental pro se brief, that the Supreme Court should have, sua sponte, ordered a second competency examination or ordered a competency hearing (*see* CPL 730.30; *People v King,* 12 AD3d 532, 533 [2004]; *People v Agaro,* 303 AD2d 518 [2003]; *People v Galandreo,* 293 AD2d 756 [2002]; *People v Bannister,* 284 AD2d 404, 405 [2001]; *see also People v Tortorici,* 92 NY2d 757 [1999], *cert denied* 528 US 834 [1999]; *People v Eherts,* 21 AD3d 905 [2005]; *People v Padilla,* 18 AD3d 578, 579 [2005]; *People v Graham,* 272 AD2d 479 [2000]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, are without merit. H. Miller, J.P., Mastro, Fisher and Lunn, JJ., concur.