■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CELINES RAMIREZ, Appellant. [815 NYS2d 480]—

Appeal by the defendant from an amended judgment of the County Court, Orange County (DeRosa, J.), rendered May 25, 2005, revoking a sentence of probation previously imposed by the same court upon a finding that she had violated a condition thereof, upon her admission, and imposing a sentence of imprisonment upon her previous conviction of grand larceny in the fourth degree.

Ordered that the amended judgment is affirmed.

The defendant's contention that her admission to violating a condition of her probation was not knowing, intelligent, and voluntary is unpreserved for appellate review (see People v Pellegrino, 60 NY2d 636 [1983]; People v Carden, 27 AD3d 573 [2006]; People v Eherts, 21 AD3d 905 [2005]; People v Padilla, 18 AD3d 578 [2005]). In any event, the record demonstrates that the defendant knowingly, intelligently, and voluntarily admitted that she violated a condition of her probation (see People v Carden, supra; People v Padilla, supra; People v Melvin, 274 AD2d 435 [2000]). Moreover, the court did not err in failing to sua sponte order a competency hearing since the defendant responded appropriately to the court's inquiries, and there is no evidence that she lacked the capacity to understand the proceedings against her (see People v Matos, 27 AD3d 485, 486 [2006]; People v Pryor, 11 AD3d 565 [2004]; People v Gomez, 256 AD2d 356 [1998]; People v Hollis, 204 AD2d 569 [1994]).

The defendant's contention that the County Court improperly sentenced her on the violation of probation without obtaining an updated presentence report is also unpreserved for appellate review (see People v Gambichler, 25 AD3d 722 [2006]; People v Freeman, 2 AD3d 648 [2003]; People v Ortega, 1 AD3d 533 [2003]), and in any event, is without merit (see People v Kuey, 83 NY2d 278 [1994]; People v Fernandez, 7 AD3d 886 [2004]; People v Ortega, supra; People v Viruet, 288 AD2d 407 [2001]). Schmidt, J.P., Crane, Krausman and Lunn, JJ., concur.