◾ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT RICHARDSON, Appellant. [877 NYS2d 896]—

Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered February 1, 2008, convicting defendant, after a nonjury trial, of two counts of burglary in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 3 to 6 years, unanimously affirmed.

The court properly declined to order a midtrial CPL article 730 competency examination. Nothing in the record casts doubt on defendant's competency (see Pate v Robinson, 383 US 375 [1966]; People v Tortorici, 92 NY2d 757, 766 [1999], cert denied 528 US 834 [1999]; People v Morgan, 87 NY2d 878, 881 [1995]). On the contrary, defendant engaged in a series of interchanges with the court that demonstrated his familiarity with legal procedures, his understanding of the charges, and his ability to assist in his defense (see People v Russell, 74 NY2d 901 [1989]).

Defendant received effective assistance of counsel under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Counsel could have reasonably concluded that a competency examination would have accomplished nothing except delaying the completion of the trial. Counsel appropriately informed the court that his client's pro se request for a competency examination was baseless, and defendant was not prejudiced by any statements counsel made to the court in that connection. Concur—Andrias, J.P., Friedman, Buckley, Acosta and DeGrasse, JJ.