GILBERT H. ALLEN, as Administrator of the Estate of WARREN D. ALLEN, Deceased, Appellant, v KALEIDA HEALTH, Doing Business as DeGRAFF MEMORIAL HOSPITAL, et al., Respondents. [901 NYS2d 895]—Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered March 10, 2009. The order, insofar as appealed from, denied in part plaintiff's motion to compel disclosure and for sanctions.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs. Present—Centra, J.P., Peradotto, Carni, Lindley and Pine, JJ.

 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERT ZARAGOSA, Appellant. [901 NYS2d 895]—Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered July 27, 2007. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed. Present—Martoche, J.P., Fahey, Carni, Sconiers and Green, JJ.

 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN RODRIGUEZ, Appellant. [902 NYS2d 488]—Appeal from a judgment of the Onondaga County Court (Jeffery R. Merrill, A.J.), rendered June 15, 2004. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment that revoked the sentence of probation imposed upon his conviction of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]) and sentenced him to an indeterminate term of imprisonment. By failing to move to withdraw his admission to the violation of probation or to vacate the judgment revoking the sentence of probation on that ground, defendant failed to preserve for our review his contention that the admission was not voluntary (*see People v Obbagy*, 56 AD3d 1223 [2008], *lv denied* 11 NY3d 928 [2009]; *People v Fontanez*, 19 AD3d 1070 [2005], *lv denied* 5 NY3d 788 [2005]; *see generally People v Lopez*, 71 NY2d 662, 665 [1988]). This case does not fall within the narrow exception to the preservation doctrine set forth in *Lopez* (71 NY2d at 666). The sentence is not *unduly harsh or severe. Present*—Martoche, J.P., Fahey, Carni, Sconiers and Green, JJ.