■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL DECKER, Appellant. [919 NYS2d 880]—Appeal by the defendant from an amended judgment of the County Court, Dutchess County (Hayes, J.), rendered September 8, 2008,

revoking a sentence of probation previously imposed by the same court under superior court information No. 271/05, upon a finding that he had violated conditions thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of possessing a sexual performance by a child.

Ordered that the amended judgment is affirmed.

The defendant failed to preserve for appellate review his claim that his admission to violating conditions of his probation was not voluntary because the County Court failed to conduct a sufficient inquiry as to whether he fully understood the nature and consequences of his admission (*see People v Pellegrino*, 60 NY2d 636 [1983]; *People v Quiman*, 71 AD3d 921 [2010]; *People v Scott*, 39 AD3d 570, 571 [2007]). In any event, the defendant knowingly, voluntarily, and intelligently admitted to violating conditions of his probation (*see People v Royster*, 40 AD3d 885, 886-887 [2007]; *People v Ramirez*, 29 AD3d 1022 [2006]).

Moreover, the defendant's challenge to the voluntariness of his admission based upon the alleged ineffectiveness of his attorney is not supported by the record.

Since "the defendant admitted to the violation[s] of probation with a full understanding that he would receive the term of imprisonment actually imposed at the time of resentencing, . . . he has no basis now to complain that his [resentence] was excessive" (*People v Grzywaczewski*, 61 AD3d 699, 700 [2009] [internal quotation marks omitted]; *see People v Delpesce*, 68 AD3d 1131 [2009]; *People v Trias*, 50 AD3d 828, 828-829 [2008]). In any event, the resentence was not excessive (*see People v Hobson*, 43 AD3d 1179, 1180 [2007]; *People v Costanza*, 36 AD3d 829, 830 [2007]; *People v Suitte*, 90 AD2d 80 [1982]). Skelos, J.P., Covello, Eng, Chambers and Sgroi, JJ., concur.