THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY GUZZARDO, Appellant. [929 NYS2d 880]—

The defendant was convicted of criminal contempt in the first degree for assaulting his girlfriend in violation of an order of protection, and was sentenced to a period of five years of probation. Shortly thereafter, the defendant moved out of Dutchess County without the permission of the Probation Department, in violation of a condition of his probation. Upon his admission to that violation, the County Court, as an alternative to prison, directed the defendant to attend a residential drug treatment

program. The County Court informed the defendant that if he failed to complete the program satisfactorily, he would receive a sentence of imprisonment of up to four years. The defendant failed to complete the program, and the County Court sentenced him to a period of 1 to 3 years of imprisonment.

The defendant failed to preserve for appellate review his contention that his admission to violating a condition of his probation was not knowingly, voluntarily, and intelligently made (*see People v Decker*, 83 AD3d 731, 732 [2011]; *People v Rodriguez*, 74 AD3d 1858 [2010]). In any event, the defendant's contention is without merit (*see People v Decker*, 83 AD3d at 732).

To the extent the defendant contends that he did not fail to complete the drug treatment program, his contention is unpreserved for appellate review and, in any event, without merit (*see People v Timberlake*, 82 AD3d 1134 [2011]; *People v Billups*, 63 AD3d 750 [2009]; *People v Lent*, 10 AD3d 457 [2004]).

The defendant received meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]).

Since the defendant admitted to violating a condition of probation with a full understanding that if he did not complete a drug treatment program, the court would impose a sentence of up to four years of imprisonment, he has no basis to complain that the sentence that was thereafter imposed upon his failure to complete the drug treatment program was excessive (*see People v Shoman*, 74 AD3d 843 [2010]; *see also People v Decker*, 83 AD3d at 732). Mastro, J.P., Balkin, Chambers and Lott, JJ., concur.