The defendant failed to preserve for appellate review his contention that his admission to violating a condition of his probation was not knowingly, voluntarily, and intelligently made (see People v Pellegrino, 60 NY2d 636, 637 [1983]; People v Guzzardo, 87 AD3d 1160, 1161 [2011]; People v Decker, 83 AD3d 731, 732 [2011]). In any event, the defendant’s contention is without merit (see People v Decker, 83 AD3d at 732; People v Ramirez, 29 AD3d 1022 [2006]; People v Carden, 27 AD3d 573 [2006]).
The defendant’s contention that he was deprived of the constitutional right to the effective assistance of counsel on the ground that his attorney failed to make a motion to withdraw his admission to the violation of probation is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a “mixed claim” of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109 [2011], quoting People v Evans, 16 NY3d 571, 575 n 2 [2011], cert denied 565 US —, 132 S Ct 325 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (cf. People v Crump, 53 NY2d 824 [1981]; People v Brown, 45 NY2d 852 [1978]). Since the defendant’s claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Freeman, 93 AD3d 805 [2012]; People v Maxwell, 89 AD3d at 1109; People v Rohlehr, 87 AD3d 603, 604 [2011]).
*603 The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Rivera, J.E, Eng, Chambers, Sgroi and Miller, JJ., concur.