*1141 Appeal by the defendant from an amended judgment of the County Court, Suffolk County (J. Doyle, J.), rendered January 14, 2011, revoking a sentence of probation previously imposed by the same court, upon a finding that she violated a condition thereof, upon her admission, and imposing a sentence of imprisonment upon her previous conviction of petit larceny.
Ordered that the amended judgment is affirmed.
The defendant failed to preserve for appellate review her contentions regarding the voluntariness and the sufficiency of the allocution of her admission to violating a condition of her probation (see People v Guzzardo, 87 AD3d 1160, 1161 [2011]; People v Decker, 83 AD3d 731, 732 [2011]; People v Rogers, 45 AD3d 786, 787 [2007]; People v Carden, 27 AD3d 573 [2006]). Furthermore, the “rare case” exception to the preservation requirement does not apply here because the defendant’s allocution did not call into question the voluntariness of her admission (People v McNair, 13 NY3d 821, 822 [2009] [internal quotation marks omitted]; People v Lopez, 71 NY2d 662, 666 [1988]; People v Young, 88 AD3d 918, 918 [2011] [internal quotation marks omitted]). In any event, the record establishes that the defendant knowingly, voluntarily, and intelligently admitted that she violated a condition of her probation (see People v Carden, 27 AD3d 573 [2006]; People v Padilla, 18 AD3d 578, 579 [2005]; People v Melvin, 274 AD2d 435, 436 [2000]). Moreover, the court was not required to secure a waiver of each of those rights implicated by a plea of guilty to a criminal offense (see People v Smith, 255 AD2d 343 [1998]; People v Hunter, 194 AD2d 628 [1993]; People v Keemer, 186 AD2d 586 [1992]; People v Lombardo, 108 AD2d 873 [1985]). Skelos, J.E, Eng, Chambers and Sgroi, JJ., concur.