People v Perri (2018 NY Slip Op 04134)





People v Perri


2018 NY Slip Op 04134


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, CARNI, AND DEJOSEPH, JJ.


416 KA 14-00587

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANTHONY S. PERRI, DEFENDANT-APPELLANT. 






MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (JOSEPH PLUKAS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered December 5, 2013. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree (three counts) and endangering the welfare of a child (three counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, that part of the omnibus motion seeking to suppress defendant's videotaped statement is granted in its entirety, the motion to preclude the use of defendant's grand jury testimony at trial is granted, and a new trial is granted.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of three counts each of sexual abuse in the first degree (Penal Law § 130.65 [3]) and endangering the welfare of a child (§ 260.10 [1]). We reject defendant's contention that the conviction is not supported by legally sufficient evidence. There is a valid line of reasoning and permissible inferences that could lead a rational person to conclude that defendant committed the crimes in question (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Contrary to defendant's further contention, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Defendant contends that County Court erred in refusing to suppress evidence of the viewing by victims of video surveillance footage, because the sole purpose of the viewing was the identification of defendant and the procedure used for viewing the video recording was unduly suggestive. We reject defendant's contention. " [T]here is nothing inherently suggestive' in showing a witness a surveillance video depicting the defendant and other individuals, provided that the defendant was not singled-out, portrayed unfavorably, or in any other manner prejudiced by police conduct or comment or by the setting in which [the defendant] was taped' " (People v Davis, 115 AD3d 1167, 1169 [4th Dept 2014], lv denied 23 NY3d 1019 [2014], quoting People v Edmonson, 75 NY2d 672, 676-677 [1990], rearg denied 76 NY2d 846 [1990], cert denied 498 US 1001 [1990]), and we conclude that the procedure used here did not suffer from those infirmities.
We agree with defendant, however, that the court erred in suppressing only a portion of his videotaped statement to police investigators inasmuch as the portion of the statement that the court refused to suppress was also obtained prior to the administration of Miranda warnings. Although the court properly determined that defendant was in custody from the outset of the interview, we conclude that the court erred in determining that Miranda warnings were not required before defendant admitted to having a foot fetish inasmuch as "the facts indicated that an interrogational environment existed" from the outset of the interview (People v Tavares-Nunez, 87 AD3d 1171, 1173 [2d Dept 2011], lv denied 19 NY3d 1105 [ 2012]; see People v Bungo, 60 AD3d 1449, 1449 [4th Dept 2009]; People v Kollar, 305 AD2d 295, 299 [1st [*2]Dept 2003], appeal dismissed 1 NY3d 591 [2004]).
We also agree with defendant that the court erred in denying his motion to preclude the People's use of his grand jury testimony at trial on the ground that he was mentally incompetent at the time of such testimony. Although a defendant is presumed to be competent to testify before the grand jury (see People v Gelikkaya, 84 NY2d 456, 459 [1994]; People v Bones, 309 AD2d 1238, 1239 [4th Dept 2003], lv denied 1 NY3d 568 [2003]), here, we conclude that defendant rebutted that presumption. Indeed, defendant's grand jury testimony, a rambling, delusional and bizarre narrative of government conspiracy, prompted one grand juror to inquire of defendant whether he had any psychiatric diagnoses. Within days of his testimony at the grand jury, the arraigning court referred defendant for a CPL article 730 psychiatric examination based upon what the court described as "confused, or bizarre behavior" and the inability "to understand charges or court processes." Shortly thereafter, two psychiatric examiners found that defendant lacked capacity to understand the proceedings against him or to assist in his defense based upon a diagnosis of Delusional Disorder, Paranoid Type. As a result, defendant was involuntarily committed to a psychiatric facility under the auspices of the Office of Mental Health. We thus conclude that defendant rebutted the presumption of competence, and that the court abused its discretion in denying the motion to preclude the grand jury testimony (cf. Gelikkaya, 84 NY2d at 460-461).
We therefore reverse the judgment, grant that part of the omnibus motion seeking to suppress defendant's videotaped statement in its entirety as well as defendant's motion to preclude the People from using his grand jury testimony at trial, and we grant a new trial. In light of our determination, we do not review defendant's remaining
contentions.
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court